## Inhabitants of Brookfield *vs.* David G. Allen.

If a married woman has been committed as a lunatic to a state lunatic hospital, by order of a judge of probate, the town of her settlement may maintain an action against her husband to recover sums which it has been obliged to pay for her support there, although he is in destitute circumstances.

Contract to recover money paid by the plaintiffs for the support of the defendant's wife.

It was agreed, in the superior court, that she, not having property of her own, and being temporarily a resident of Spencer, was committed to the State Lunatic Hospital at Worcester, as a lunatic, by order of the judge of probate, on the 11th of February 1862, and remained there till the 1st of the following July. The town of Spencer paid, on due demand, for her support there a sum which was admitted to be reasonable, and the

town of Brookfield, where she and the defendant then had and still have their legal settlement, repaid said sum to the town of Spencer on due notice, and afterwards gave to the defendant notice thereof and of all the facts, and demanded payment thereof. The defendant was and is destitute of property. He was, however, able and willing to support his wife at home by his labor, but not otherwise. She, at the time of her commitment, had not left his house with his express or implied consent, or in consequence of any fault on his part.

On these facts, judgment was rendered in the superior court for the defendant, and the plaintiffs appealed to this court.

*P. C. Bacon,* (*P. E. Aldrich* with him,) for the plaintiffs, cited *Worcester* v. *Sterling,* 5 Gray, 393; *Andover* v. *Easthampton,* Ib. 391; *New Bedford* v. *Chace,* Ib. 28; *Alna* v. *Plummer,* 4 Greenl. 258; *Monson* v. *Williams,* 6 Gray, 416; *Hanover* v. *Turner,* 14 Mass. 227.

*W. W. Rice,* for the defendant, cited *New Bedford* v. *Chace,* 5 Gray, 28; *Mayhew* v. *Thayer,* 8 Gray, 172; *Burlen* v. *Shannon,* 14 Gray, 433.

METCALF, J. As the defendant's wife, when committed to the lunatic hospital, had her residence in Spencer, that town, by Gen. Sts. *c.* 73, § 23, was obliged to pay and did pay for her support in that institution; and as her settlement was then in Brookfield, that town, by § 25 of the same chapter, was obliged to reimburse the town of Spencer, and, having done so, now seeks indemnity from the defendant, in an action for money paid. This action is not maintainable on that part of the aforesaid § 25, which makes a lunatic's " kindred, obligated by law to maintain him, liable for expenses paid by any city or town " for his support in a lunatic hospital; for the word " kindred " includes only blood relations. A husband, says Lord Loughborough, is not of kin to the wife, nor she to him. 3 Ves. 247. Besides; the " kindred obligated by law " are manifestly those only who, by Gen. Sts. *c.* 70, § 4, are made chargeable for the support of poor persons, namely, " kindred in the line or degree of father or grandfather, mother or grandmother, children or grandchildren, by consanguinity."

Inhabitants of Brookfield *v.* Allen.

But we are of opinion that the action is maintainable at common law. By that law, a husband is bound to provide support for his wife, and is liable to pay for it, if it is furnished by other persons, on his refusal or neglect to do so when he ought. So he is liable to pay a town for her support, when the town supports her as a pauper. *Hanover* v. *Turner*, 14 Mass. 227. *New Bedford* v. *Chace*, 5 Gray, 28. In the present case, the plaintiffs paid for the support of the defendant's wife as a pauper. *Charlestown* v. *Groveland*, 15 Gray, . In that case, Shaw, C. J. said : " We consider every person a pauper who receives relief at the public expense, and such as is provided by law for persons standing in need of immediate relief." It was accordingly there decided that a wife, who was committed to a lunatic hospital without her husband's concurrence, was there as a pauper. And since our statutes have authorized the commitment of a wife to such hospital, without her husband's consent or knowledge, for her good and the public good, we hold him liable to pay for her support there. The law is paramount to his will, (as it is in other cases in which he refuses or omits to provide for her,) and prescribes a mode in which he shall support her. The defendant's inability to pay for that support cannot be interposed as a defence to this action ; as it certainly could not be in any other case when he should be called on to pay for support furnished to her by individual third persons. His deficiency of means does not exempt him from legal liability, though it may affect the value of a judgment against him.

*Judgment for the plaintiffs.*