CITY OF NEWBURYPORT *vs.* DANIEL CREEDON.

Essex.   November 3, 1887. — February 15, 1888.

Present : MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Essex County — Insane Person — Support — Statute.*

Essex County may recover for the support of an insane person in its receptacle for the insane, under the Pub. Sts. c. 87, § 49, and is not restricted to § 47, as limited by the Pub. Sts. c. 220, §§ 60, 61.

HOLMES, J.   This is an action under the St. of 1882, c. 113, to recover money paid by the plaintiff for the defendant's support in the Essex County receptacle for the insane at Ipswich. As the statute would not apply to a purely officious payment, the plaintiff seeks to show that it was bound to pay for the defendant's support there.   It appears that the defendant had a settlement in the plaintiff city, and we assume that the defendant was a pauper at the time when the support was furnished and paid for.   It was found that the terms of the Pub. Sts. c. 87, § 47, had not been complied with.   The court ruled that the plaintiff was liable under that section only, and not under § 49 of the same chapter; and the plaintiff alleged exceptions.

There can be no doubt that the plaintiff falls within the words of § 49, or that it must prevail, unless the county of Essex is excepted by implication from the general words used, and is confined to such rights, if any, against towns where lunatics are settled, as are given by § 47.   There is no obvious reason for making such a distinction, but the defendant contends that § 49 is merely a substantial re-enactment of a part of § 2 of the St. of 1836, c. 223, an act providing for lunatic asylums throughout the State, while § 47 represents a part of the later act of 1846, c. 154, §§ 1, 2, which made special provisions for the county of Essex; that this later act, by reference, attached certain conditions to the remedies given that county, and therefore overrode the earlier statute; and that the sections in the Public Statutes must be construed in the same way as the acts which they represent.

The St. of 1846, c. 154, § 2, gives the county the same remedies for the support of persons confined in the Essex lunatic asylum

"as are provided in the preceding section for maintaining prisoners in the house of correction." By § 1, the "said county of Essex shall have the same remedies for maintaining prisoners committed to said house as are provided by law for the city of Boston in like cases." The counsel on both sides agree that § 2 thus gives the county the same remedies for the support of lunatics confined in the asylum as are provided by law for the city of Boston for maintaining prisoners in the house of correction, and that these are to be found in the Rev. Sts. c. 143, §§ 15, 16, re-enacted with important modifications in the Pub. Sts. c. 220, §§ 60–63, but then, as now, subjecting the remedy to the condition that the amount due should be certified as there required, (*Boston* v. *Amesbury*, 4 Met. 278,) whereas no such condition was expressed, at least in the act of 1836. Pub. Sts. c. 220, limits the remedy against towns much more, as we shall show.

The compilers of the General Statutes adopted the same construction in terms, and were followed by the Public Statutes. Gen. Sts. c. 74, § 2. Pub. Sts. c. 87, § 47.

It is at least doubtful, however, whether the St. of 1846, c. 154, § 2, meant anything more than that the county of Essex should have the same remedies as were provided by law for the city of Boston in like cases; that is, for the support of lunatics confined in the Boston lunatic asylum. By this interpretation the reference would be, not to the Rev. Sts. c. 143, but to the St. of 1839, c. 131, § 5, which corresponds almost word for word with the St. of 1836, c. 223, § 2, so far as it bears upon the present question. The St. of 1836 was held to give a remedy against the town of settlement in certain cases by necessary implication. *Watson* v. *Charlestown*, 5 Met. 54. The same would be true of the St. of 1839, by the same reasoning, and thus by the interpretation suggested we should avoid the anomaly of a different rule for Essex County from that which governs the other counties of the State. At the same time the argument for the defendant would be answered, so far as it depends on the order of the acts in point of time, which it mainly does. For if the original purport of the act of 1846 was not to put Essex County on a different footing from the others, the subsequent misunderstanding by the General Statutes and Public Statutes as to the acts to which it referred could not·be held to set Essex apart for the first

time, and to take it out of the broad provisions of the Pub. Sts. c. 87, § 49 (Gen. Sts. c. 74, § 6). In other words, if the Public Statutes should be read as a code all composed at the same time, we should have no doubt that § 49 applied to Essex County, for reasons which we shall state in a moment.

But supposing the defendant's interpretation of the act of 1846 to be the true one, the liability of towns for the support of persons committed to the house of correction was done away with, except in a limited class of cases, by the St. of 1843, c. 66, § 2, and it will be seen that the Pub. Sts. c. 220, § 61, (Gen. Sts. c. 178, § 58, amended by St. 1876, c. 148,) does not give counties the general remedy against towns of settlement provided by the Rev. Sts. c. 143, § 16. So that if the remedies of the county of Essex are limited to those given by the Pub. Sts. c. 220, § 61, referred to in the Pub. Sts. c. 87, § 47, they have now been cut down unwittingly, by changes made with a different intent upon a different subject matter, to much narrower limits than were imposed by the St. of 1846, however construed.

Such a result ought not to be, and we think that it is prevented by the changes which have been made in the Pub. Sts. c. 87, § 49, from the language of the original act of 1836. That act, as we have said, gave a remedy against towns, not in express terms, but by implication only. Then came the act of 1846, determining the remedies of Essex County by reference to other acts; then came modifications of the other acts supposed to be referred to; and then the acts of 1846 and 1836 were taken up into the Gen. Sts. c. 74, §§ 2, 6. The latter section gives a remedy in express terms which on their face and construed by their surroundings apply to all the counties. We are of opinion that these words, inserted as they were for the first time after the uncertainties introduced by the act of 1846 and the vicissitudes of the legislation upon which the section representing it has been made to depend, must be read as intended not only to place it beyond doubt that the counties had a remedy, but also to include all counties in a clear provision. The rest of the section, as to the comfortable support, government, and employment of " persons confined in said receptacles," undoubtedly refers to Essex, the receptacle in which is mentioned just above, as well as to other counties, as does also the

provision that " such sum a week shall be allowed and paid for the support of persons so confined as the commissioners shall direct." We must give an equal scope to the following words, " and the same may be recovered of such person, or of any parent, kindred, master, guardian, city, or town obligated by law to maintain him." Pub. Sts. c. 87, § 49, is the same, except that it says " bound " instead of " obligated." We may note as a further reason for our construction, that this section gives a remedy against the person himself for the first time, unless it is given by implication by the Rev. Sts. c. 143, § 16.

But if Pub. Sts. c. 87, § 49, does apply to Essex County, then it is argued by the defendant, that, as the act of 1836 only gave a remedy to the county against the town by implication, it was subject by implication to the conditions in other cases ; that is, the conditions expressed in the Rev. Sts. c. 143, §§ 15, 16 ; and therefore that the remedy expressly given by the Pub. Sts. c. 87, § 49, must be subject to the much more stringent terms and conditions in the Pub. Sts. c. 220, § 61. It is enough to say that, as the statute expresses no such terms or conditions, we cannot make it almost nugatory by implying them. The provision in the Pub. Sts. c. 220, § 60, for the county commissioners certifying the amount due, is made less necessary by the requirement that the sum to be paid in this case shall be directed by them in the first instance.

We may remark that, if the defendant's construction of the act of 1836 were the true one, then the act of 1846 did not put Essex County on a different footing from the other counties, and the defendant's main argument would be met in that way.

*Exceptions sustained.*

*F. W. Hale*, for the plaintiff.
*N. N. Jones*, for the defendant.