CITY OF NEWBURYPORT *vs.* DANIEL CREEDON.

Essex. November 9, 1888. — January 1, 1889.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Insane Pauper — County Receptacle — Recovery over by City for Support — County Commissioners.*

At the trial of an action on the St. of 1882, c. 113, for the recovery of money paid by a city for the support of an insane pauper in a county receptacle, the only evidence offered to prove that the county commissioners had determined the amount to be paid to the county for such support, as required by the Pub. Sts. c. 87, § 49, was the testimony of the city treasurer that for many years the amounts paid by the city for the support of other paupers in the receptacle had been at the same rate as that claimed. *Held,* that a ruling that the evidence, if admissible, was insufficient for that purpose, could not be said, as matter of law, to be erroneous.

CONTRACT, under the St. of 1882, c. 113, to recover money paid by the plaintiff for the defendant's support in the Essex County receptacle at Ipswich. After the former decision, reported 146 Mass. 134, the case was tried in the Superior Court, without a jury, before *Lathrop,* J., who reported it for the determination of this court, in substance as follows:

The defendant had a settlement in the plaintiff city, and was duly committed to the receptacle as an insane person and in immediate need of relief. The plaintiff paid for the support of the defendant while he was at the receptacle, at the rate of two dollars and fifty cents per week, and the amount claimed in the action was at the same rate.

The only evidence introduced to show that the amount per week paid by the plaintiff for the defendant's support had been directed by the county commissioners, as provided in the Pub.

Sts. c. 87, § 49, was the testimony of the treasurer of Newbury-port, that for many years the rate paid by the city for the support of paupers in said receptacle was two dollars and fifty cents a week for each pauper.

The judge ruled that this evidence, if admissible, was not sufficient to show that the sums declared for were by the county commissioners allowed and directed to be paid; and found for the defendant. Judgment was to be entered on the finding for the defendant, or for the plaintiff for the amount declared on, as law and justice might require.

. *F. W. Hale*, for the plaintiff.

*N. N. Jones*, for the defendant.

MORTON, C. J. It was held, at a former hearing of this case, that the county of Essex might recover, for the support of an insane person in its receptacle for the insane, of the city or town bound by law to maintain such person, under the Pub. Sts. c. 87, § 49, and that the plaintiff could recover of the defendant, under the St. of 1882, c. 113, the amount of expense it had incurred for his support in the receptacle, if it was required by law to pay that amount to the county of Essex. *Newburyport* v. *Creedon*, 146 Mass. 134.

The question now raised is whether the plaintiff has proved that it was bound by law to pay to the county the amount claimed in this suit. The statute provides: " Provision shall be made for the comfortable support of all persons confined in said receptacles, and they shall be governed or employed in such manner as the county commissioners may in the exercise of their discretion deem best. Such sum a week shall be allowed and paid for the support of persons so confined as the commissioners shall direct, and the same may be recovered of such person, or of any parent, kindred, master, guardian, city, or town bound by law to maintain him." Pub. Sts. c. 87, § 49. This statute looks to the possibility that inmates may be employed in some manner beneficial to the county, and thus the expense of supporting them may be diminished. Whether they are so employed or not, it leaves the determination of the amount to be paid for their support to the county commissioners; until they pass some order general or special, it is impossible to determine whether the county can recover any-

thing, or, if anything, what amount, for the support of any inmate. The plaintiff must prove that this requirement of the statute has been performed before it is entitled to recover. *Boston* v. *Amesbury*, 4 Met. 278. Such direction or order of the commissioners, if it exists, is easily proved. The only evidence offered by the plaintiff to prove it in this case was the testimony of the treasurer of Newburyport, that for many years the amount paid by the city for the support of other paupers in the receptacle was two dollars and fifty cents a week for each pauper, being the same rate claimed in this suit. If this evidence was admissible, it does not necessarily prove that there was an order or direction fixing the amount in the case of Creedon, the defendant, and we cannot say, as matter of law, that the presiding justice, who tried the case without a jury, erred in holding that it did not satisfy his mind of that fact.

*Judgment for the defendant.*