AMANDA M. COTTON, Petitioner, vs. CHARLES H. COTTON.

Androscoggin.    Opinion November 22, 1907.

*Order to contribute to support of wife. Statute allows no appeal to Defendant.*
*Private & Special Laws, 1891, chapter 152. Statute 1895, chapter 136.*
*Statute 1897, chapter 175. Statute 1899, chapter 25.*
*Statute 1905, chapter 123, section 6.*
*R. S., chapter 63, section 7.*

In the case at bar, the defendant appealed from an order of the Municipal
Court of Auburn requiring him to contribute to the support of his wife in
accordance with the provisions of Revised Statutes, chapter 63, section 7,
as amended by the Public Laws of 1905, chapter 123, section 6. *Held :*
That the statute does not give the defendant the right of appeal from the
Municipal Court in such case.

On exceptions by defendant.    Overruled.

Petition by Amanda M. Cotton, wife of the defendant, under the
provisions of Revised Statutes, chapter 63, section 7, as amended
by the Public Laws of 1905, chapter 123, section 6.    The bill of
exceptions, among other things, states as follows :

"On the 15th day of January, 1907, Amanda M. Cotton filed
her petition in the Auburn Municipal Court against Charles H.
Cotton, her husband, alleging that she was without sufficient means
of support ; that she was unable to labor, etc., and that her hus-
band, Charles H. Cotton was able to work and had sufficient
means, but had failed to give her any support, and prayed for an
order of the court to issue commanding his attendance in court to
show cause, if any he has, why an order of court should not issue
for the weekly payment of some sum of money for his said wife's
support, and for the costs of those proceedings.

"An order of court issued in due form and a hearing on said
petition was had before Harry Mansur, Judge of said court, on the
22d day of January, 1907, and by said court, after hearing, said
Charles H. Cotton was ordered to pay for the support of his said

wife, the sum of one dollar and fifty cents per week until further order of said Municipal Court. The said Charles H. Cotton was allowed to take an appeal in due form and to prosecute said appeal recognized with sufficient sureties. Said appeal was duly entered in the Supreme Judicial Court at the term next succeeding said hearing, namely, the April term, 1907."

At said April term of said Supreme Judicial Court the matter was heard and the presiding Justice ruled that the statute did not give the defendant the right of appeal from the Municipal Court in such case, and dismissed the appeal. To this ruling and order of dismissal the defendant excepted.

*L. W. Fales*, for plaintiff.

*Edgar M. Briggs*, for defendant.

SITTING: EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, SPEAR, CORNISH, JJ.

WHITEHOUSE, J. This is an appeal from an order of the Municipal Court of the City of Auburn, requiring the defendant to contribute to the support of his wife in accordance with the provisions of Revised Statutes, chapter 63, section 7, as amended by the Public Laws of 1905, chapter 123, section 6. The presiding Justice ruled that the statute did not give the defendant the right of appeal from the Municipal Court in such case, and accordingly dismissed the defendant's appeal. The case comes to the Law Court on exceptions to this ruling.

In support of his exceptions, the defendant invokes the express provisions of chapter 152 of the Private and Special Laws of 1891 amendatory of the charter of the Municipal Court of the City of Auburn, which declares that "any party may appeal from a judgment or sentence of said court to the supreme judicial court in the same manner and subject to the same conditions as from the judgment or sentence of a trial justice." The question now before this court is therefore, whether these general provisions of the charter of the Auburn Municipal Court must be held applicable to the wife's petition for support from her husband, authorized by a subsequent

statute, or whether it was the intention of the legislature to confer upon the Municipal Courts as well as upon the Supreme Judicial and Superior courts, jurisdiction and authority to grant prompt and summary relief in such cases without the inevitable delays incident to the right of appeal.

In the light of the history and manifest purpose of the legislation upon this subject, it is the opinion of the court that the latter view of the question is the just and proper one and that the defendant's contention cannot be sustained. The original enactment giving to the wife the right to petition for such support, is found in chapter 136 of the Public Laws of 1895. By this act, jurisdiction was conferred only upon the Supreme Judicial Court, but since the authority thus vested in the court could only be exercised in term time, it soon became apparent that the immediate support obviously contemplated by the statute, could not be obtained by this method of procedure. It was accordingly provided by chapter 175 of the Public Laws of 1897, that the Supreme Judicial Court might exercise its jurisdiction over such petitions "in term time or vacation." But the remedy was still deemed inadequate, and it was further provided by chapter 25 of the Public Laws of 1899, that such petition might be heard by the "supreme judicial court, the superior courts and the Bangor municipal court, in term time or vacation." Finally for the purpose of rendering the procedure still more convenient and expeditious, and incidentally to afford relief to the Supreme Judicial Court, it was provided by section 6 of chapter 123 of the Public Laws of 1905 amendatory of R. S., chapter 63, section 7, that authority over these petitions might be exercised and the relief sought be granted by the "supreme judicial court, the superior courts, the probate courts and any municipal court in term time or vacation." The undoubted purpose of these amendments was to give to the inferior courts the same power to hear and render final decision upon the simple question of fact involved in the inquiry, that had previously been exercised by the Supreme Judicial Court, subject only to appropriate redress in the event of an abuse of such power. If the defendant could secure the opportunity for

delay afforded by exercising a right of appeal to the Supreme Judicial Court and thus vacating the order of the court below, it is obvious that one of the vital purposes of the statute would necessarily be defeated, and in many instances the ravages of hunger and disease would outrun the benevolence of the statute. Such orders are ordinarily of a temporary character subject to revision by the court which makes them, and no injustice is likely to result from the exercise of such power by the lower courts. In the case at bar it appears that the order of the Municipal Court made after due notice and hearing required the defendant to contribute to the support of his wife the sum of $1.50 per week until further order of that court, and it is not claimed or suggested that there was any irregularity in the proceedings.

It is accordingly the opinion of the court that the ruling of the single Justice was based upon a correct interpretation of the statute, and that the appeal was properly dismissed. The entry must therefore be,

*Exceptions overruled.*