INHABITANTS OF TOWN OF FREEDOM *vs.* IDA C. MCDONALD.

Waldo.    Opinion January 3, 1917.

*Chapter 27, Section 47, interpreted. What can be considered as pauper supplies. Duties of Selectmen in furnishing supplies where parties are "destitute and in need." Scope of authority of selectmen in furnishing supplies where person receiving same has ample financial means. Question of necessity of supplies to be determined by whom.*

This is an action of assumpsit to recover, pursuant to the provisions of section 47, chapter 27, R. S., for pauper supplies alleged to have been furnished by the plaintiff to the defendant, a minor, who is represented by her guardian. Plea, is the general issue and infancy. The case is before the court on an agreed statement.

The McDonald family being in distress, the mother applied to the town of Freedom, where the family had a pauper settlement, for relief. With the mother's consent, the father being dead, the defendant was placed by the plaintiff town in the Girls' Home, a charitable institution in Belfast, where, in consideration of an entrance fee, of fifty dollars paid by the plaintiff, she was to be cared for until eighteen, a period of about twelve years. For this entrance fee, $11.65 paid for clothing and sustenance, and for $8.60 interest on the account, the plaintiff brings this action.

*Held;*

1. Defendant, being in distress, it was her right to receive and the plaintiff's duty to render immediate reasonable assistance, regardless of her interest in a small distributive share in her father's estate, the same not being then available and the amount thereof uncertain.

2. Clothing and sustenance being proper pauper supplies, the plaintiff is entitled to judgment for all sums expended therefor, notwithstanding defendant's minority.

3. There was no statutory authority for the placing of defendant by the plaintiff in the Children's Home, and therefore the entrance fee and the incidental expenses in connection with defendant's commitment are not chargeable to the defendant as pauper supplies.

Action of assumpsit to recover for supplies and money expended, under chapter 27, section 47, for the benefit of the defendant, a minor; defendant being represented by her guardian. Defendant pleaded general issue, and upon an agreed statement case was reported to Law Court to determine the questions of law and fact and render such judgment as the Law Court should determine to be proper, the principal point at issue being what items could be properly charged to defendant as pauper supplies, under chater 27, section 47. Judgment for plaintiff in the sum of eleven dollars and sixty-five cents and interest from date of writ.

Case stated in opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Arthur Ritchie,* for defendant.

SITTING: SAVAGE, C. J., KING, BIRD, HANSON, PHILBROOK, MADIGAN, JJ.

MADIGAN, J. The plaintiff asks judgment for several amounts alleged to have been furnished by its overseers to the defendant as pauper supplies. Defendant being a minor, appears by her guardian, and the case is before the court on report.

The McDonald family being in distress, the mother applied to Freedom, where they had a settlement, for relief. The overseers, with the mother's consent, placed the defendant in the Girls' Home, a charitable institution in Belfast, where in consideration of an entrance fee of fifty dollars paid by the plaintiff, she was to be cared for until eighteen, a period of about twelve years. For this amount, for $11.75 expenses incidental to her commitment to the home, for $11.65 paid for clothing and sustenance, and for $8.60 interest on the account plaintiff asks judgment.

As her distributive share in her deceased father's estate the defendant will receive, less probate and other expense, about eighty dollars. The contention of her counsel that because of this she

was not entitled to aid from the town is without merit. The pittance due was not available, and being in distress it was her right to receive and the town's duty to render immediate aid. For all items which properly can be classed as pauper supplies the plaintiff is legally entitled to judgment. Revised Statutes, chap. *27,* sec. *47.  Norridgewock* v. *Solon,* 49 Maine, 385, and *Hutchinson* v. *Carthage,* 105 Maine, 134. The entrance fee and the expense of commitment do not come under this classification. Her commitment to the Home by the plaintiff, being absolutely without statute authority, sums paid therefor are not chargeable to the defendant as pauper supplies. Sec. 12, chap. *27,* R. S., relied on by the plaintiff neither expressly or by implication gives the right contended for. Care and relief of paupers, supervision of their employment, do not mean commitment to institutions for a term of years. *Smith* v. *Peabody,* 106 Mass., 262, and *Smith* v. *Toles,* 106 Mass., 265, are based on a statute expressly stating that paupers may be relieved or employed either in the workhouse or alms house, or in such manner as the city or town directs, *or otherwise* at the discretion of the overseers. Under such broad authority the court most properly justified the placing of needy minors in an institution suited to their care.

*Judgment for $11.65 and interest*
*from date of the writ.*