BENJAMIN L. BERMAN

*vs.*

ROYAL W. BRADFORD.

Androscoggin.     Opinion July 10, 1928.

*Benjamin L. Berman, David V. Berman, Jacob H. Berman and Edward W. Berman,* for plaintiff.

. *Ralph W. Crockett,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J. The defendant employed the plaintiff, an attorney at law, to begin and prosecute a libel for divorce against the defendant himself, alleging as causes cruel and abusive treatment and adultery. This action to recover for said services is defended on the ground that such a contract of employment is against public policy and, therefore, invalid. The defense must prevail.

The fact that the defendant and his wife had previously signed so-called articles of separation is of no importance.

Except for one cause, impotence, divorces are granted only upon proof of wrong doing by one spouse.

Before decreeing a divorce the Court must be reasonably satisfied that the libellant has been faithful to the marriage vows, that the libellee has been guilty of one or more of the grievous offenses against the marital relations specified in the statute, that there has been no condonation, and that there is no collusion.

The mere fact that both parties are desirous of judicial separation does not spell collusion. An agreement in good faith made pending a libel and subject to the Court's approval, relating to property matters or to custody of children, is not collusive.

Collusion may consist in an understanding, express or implied, that the Court shall be deceived by misrepresentation, exaggeration or suppression of facts. Such collusion is not indicated in the present case. But collusion, perhaps more commonly, takes another form: it sometimes happens that the innocent party deplores the disruption of the family, is desirous of reconciliation,

is ready to forgive and forget but yielding to the importunities, threats or bribes of the guilty party signs on the dotted line, comes reluctantly into court and tells her pitiful story.

The contract of employment involved in this case does not necessarily establish such collusion, but it is consistent with it, suggestive of it, and goes far toward proving it. Such a contract is violative of public policy. This court is not willing to set its seal of approval upon it.

No authority cited by counsel is opposed to the doctrine of this opinion.

*Exceptions sustained.*