INHABITANTS OF VIENNA *vs.* NORMAN WEYMOUTH.

Franklin.      Opinion, January 16, 1934.

*Frank W. & Benjamin Butler*, for plaintiff.
*Cyrus N. Blanchard*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

HUDSON, J.   Assumpsit in two counts, viz.: "account annexed" and "money paid" to obtain reimbursement for money paid by the plaintiffs to the Inhabitants of Farmington on account of pauper supplies by them furnished to the wife of the defendant while living apart from her husband. The case is reported on agreed statement of facts, as follows:

"For the purpose of this hearing it is agreed:

"1.  That the defendant is the lawful husband of Marie L. Weymouth and was at the time the supplies mentioned in the plaintiff's writ were furnished by the Town of Farmington and paid by the plaintiffs.

"2.  That the lawful settlement of the defendant was, and is, in the Town of Vienna.

"3.  That the said Marie L. Weymouth fell into distress in said Town of Farmington and was confined by childbirth in the Franklin County Memorial Hospital and the expenses paid by the plaintiffs occurred at the time of the said childbirth. That no other supplies have been furnished by the Town of Farmington or paid for by the Town of Vienna.

"4.  That the Inhabitants of the Town of Farmington paid said bills and demanded payment of the plaintiffs and were paid on the 27th day of December, 1932.

"5.  It is agreed that on the 26th day of September, 1931, the said defendant was arrested on a warrant issued by the Judge of the Municipal Court of Farmington, for failure to provide for his wife, on which warrant the following decree was entered, 'Defendant ordered to pay to Marie L. Weymouth $8.00 per week, first payment to be made November 2, 1931.' That the said defendant appealed to the October Term of the Superior Court, 1931, when and where the Judge reaffirmed said order which was in full force when the pauper

supplies were furnished and that the doctors bills and hospital service were reasonable.

"6. That said decree was in full force at the time the supplies were furnished as described in the plaintiff's writ, and the defendant was paying as ordered.

"7. That neither the Overseers of the Poor of the Plaintiff town or the Town of Farmington were parties to the petition for support, but that the Chairman of the Overseers of the Poor of Farmington was present at the hearing and assisted in the presentation of the case.

"8. That on the 12th day of January, 1933, the plaintiffs brought suit against the defendant for the amount paid by them to the Town of Farmington.

"If on the foregoing facts the plaintiffs are entitled to recover the defendant is to be defaulted, otherwise the plaintiffs are to become non-suit."

Plaintiffs in the first instance base their right to recover on Sec. 39, Chap. 33, R. S. 1930, which provides that "A town which has incurred expense for the support of a pauper, whether he has a settlement in that town or not, may recover it of him, his executors or administrators, in an action of assumpsit."

Does that statute permit recovery in this case? We think not. It is not every expense incurred that is recoverable under this statute. A purely officious payment of expense which a town is under no legal obligation to make is not so recoverable. *Newburyport* v. *Creedon,* 146 Mass., 134, 15 N. E., 157, nor expenses for items not properly classible as pauper supplies. *Freedom* v. *McDonald,* 115 Me., 529, 99 A., 459; 48 C. J., page 520, Sec. 203; nor expenses incurred more than six years prior to the suit, although the statute contains no limitation of time for recovery. *Inhabitants of Kennebunkport* v. *Smith,* 22 Me., 445.

Previously to the furnishing of this relief, by proper process based on Sec. 9 of Chap. 74, R. S. 1930, the defendant had been "ordered to pay to Marie L. Weymouth," his wife, "$8.00 per week," which "decree was in full force at the time the supplies were furnished as described in plaintiff's writ and the defendant was paying as ordered." "The Chairman of the Overseers of the Poor

of Farmington was present at the hearing" in this former proceeding "and assisted in the presentation of the case." It is reasonable to infer as a fact then, and we do, that the Overseers of the Poor of Farmington had actual knowledge of the order at the time they furnished the relief. Even if they did not know that the order had been observed (as to this the Report is silent), yet their knowledge of the fact of the order and its provisions created a legal duty of inquiry as to observance upon their part, would their town successfully seek recovery from the husband.

Had there been no such order, or if an order, the defendant had not complied with it, recovery might have been had under this statute.

Mere coverture is no bar to an action on this statute. A town furnishing necessary relief to a married woman totally deserted by her husband, it having been applied for and received as pauper supplies, may obtain reimbursement from the husband under this statute. *Peru* v. *Poland*, 78 Me., 215.

In the instant case, although she was still the wife of the defendant, yet her rights to support and maintenance from her husband had been judicially determined and defined in this order based on her petition. His duty to support his wife was lawfully fixed in an amount which limited his responsibility until further order of Court.

Certainly if prior to this relief there had been a divorce, this action could not have been maintained because of lack of duty upon the part of the defendant. It follows, we think, that if he was not in default as to his newly and legally determined duty to support his wife at the time the relief was furnished, then recovery could not be had under this statute. This is not to be construed as holding that such a wife is not entitled to relief under the pauper law of this State when in distress but simply that where there is no failure of compliance with a Court decree determining the extent of his obligation to support his wife, no recovery can be had against him by a relieving town. Farmington, then, could not have recovered under this statute against this defendant. The plaintiffs in this action have no greater rights. The statute does not permit recovery on the facts in this case.

The plaintiffs, however, claim a right to recover at common law,

and it is true that recovery may be had at common law by a town against the husband if necessary support applied for by her as a pauper is furnished to her while living apart from her husband for his cause. Because of his duty to his wife, the law implies a promise upon his part to pay for such relief.

"By that law" (meaning the common law) "a husband is bound to provide support for his wife and is liable to pay for it, if it is furnished by other persons, on his refusal or neglect to do so *when he ought*. So he is liable to pay a town for her support, when the town supports her as a pauper." *Inhabitants of Brookfield* v. *Allen*, 88 Mass., 585, on page 587.

A moral obligation, if there be such, to provide support following observance of a specific order for support is not sufficient to show "a neglect to do so when he ought" so as to bring a case within the Rule of Law as above declared. On the other hand, there must be a breach of a legal duty and in this the plaintiff's cause fails for it appears by admission that the defendant had fully complied with the Court order and was not in default at the time this relief was furnished.

In an action brought by a town on a statute but by a third party at common law, *Malden Hospital* v. *Murdock*, 218 Mass., 73, on page 75, 105 N. E., 457, the Court said: "Manifestly when she has availed herself of this remedy and has obtained a decree obliging him to pay to her such sums as it has been adjudged are the amounts for which he should be held, it no longer is true that provision has not been made for her support and the ground for action by third parties against her husband no longer exists."

The foundation for an implied promise upon the part of the husband to pay for such relief is failure of performance of his legal duty. Here there was no such failure and hence the law will not imply a promise to pay.

Our conclusion, then, is that recovery in this action may not be had, either on the statute or at common law. Liability not having been established, "the Plaintiffs will become non-suit" in accordance with the stipulation in the Report.

*So ordered.*