RICHARD M. RUSSELL, LIBELANT
*vs.*
MARION A. RUSSELL, LIBELEE

Cumberland.   Opinion, April 6, 1950.

*I. Edward Cohen,*
*Robert A. Wilson,* for libelant.

*Max L. Pinansky,*
*Thomas Tetreau,* for libelee.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

WILLIAMSON, J. The case arises on report with an agreed statement of facts that we may determine whether a separate support order in favor of the wife, the libelee, is a bar to the libel for divorce brought by the husband, the libelant, on the ground of cruel and abusive treatment.

On April 20th last the wife commenced proceedings in the Portland Municipal Court under R. S. Chap. 153, Sec. 43 (1944) as amended by Laws of 1949, Chap. 349, Sec. 137 to obtain contribution to her support. In her petition she alleged that "she is living apart from her husband for just and reasonable cause and that he, being of sufficient ability to labor and provide for her, wilfully and without reasonable cause, refuses and neglects to provide suitable maintenance for her."

On June 7th the Municipal Court entered an order "that (the husband) pay $8.00 each week—first payment on June 16, 1949." The order remains unchanged on the records of the Municipal Court. No suggestion is made that the husband has failed to make the payments ordered.

On June 17th, ten days after the entry of the support order, the husband brought a libel for divorce against his wife, alleging that he "has ever been faithful to his marriage obligations" and that his wife "has been guilty of cruel and abusive treatment."

The issues necessarily decided in the Municipal Court, the wife urges, show conclusively that her husband has not been faithful to his marriage obligations and that she has cause for divorce on the ground commonly known as "non-support."

The rule stated by Justice Wilson in *Lausier* v. *Lausier*, 123 Me. 530 at 532; 124 A. 582 at 583 (1924), is applicable:

"Where, however, although the parties are the same, the cause of action or issue is different, a prior judgment is only conclusive upon such issues as were actually tried, and the burden is on the party setting up the judgment as an estoppel to show that the same issue was involved and determined on its merits in the prior proceeding."

We are limited to consideration of the petition of the wife, the order, and the statute authorizing the proceedings in establishing what issues necessarily were tried and determined in the Municipal Court.

The decision must have been grounded on the following issue which, therefore, is *res adjudicata* between the parties; namely, that the husband being of sufficient ability, wilfully and without reasonable cause, refused and neglected to provide suitable maintenance for his wife, which for convenience we will call "nonsupport."

In her petition the wife alleged that she was living apart from her husband for just and reasonable cause. The allegation, however, did not raise an issue necessarily present in the proceedings. A requirement that the husband or father be living apart from his wife or minor child found in the statute when first enacted in 1895 was stricken from the statute in 1905. *Laws of 1895, Chap. 136; Laws of 1905, Chap. 123, Sec. 6.* The principle of *res adjudicata* is accordingly not applicable.

A libelant who is guilty of misconduct, not condoned, which in itself would be a ground for divorce is barred from obtaining a divorce. Whether we say the libelant is barred by a recriminatory charge raised in defense or fails through inability to establish that he has been faithful to the marriage obligations or vows is not material. See *Reddington* v. *Reddington,* 317 Mass. 760; 59 N. E. (2nd) 775; 159 A. L. R. 1448 (1945), and note. We are not here concerned with a problem of burden of proof.

"It is well settled in this country under the doctrine of recrimination that the defendant to an

action for divorce may set up as a defense in bar that the plaintiff was guilty of misconduct which in itself would be a ground for divorce."

17 *Am. Jur.* 268 and 352; 27 *C. J. S.* 623.

In *Berman* v. *Bradford,* 127 Me. 201 at 202; 142 A. 751 at 752 (1928), the court said:

"Except for one cause, impotence, divorces are granted only upon proof of wrong doing by one spouse.

Before decreeing a divorce the Court must be reasonably satisfied that the libellant has been faithful to the marriage vows, that the libellee has been guilty of one or more of the grievous offenses against the marital relations specified in the statute, that there has been no condonation, and that there is no collusion."

Was there an issue that the husband was guilty of misconduct which in itself would be a ground for divorce involved and determined in the separate support proceedings?

A wife may be justified in leaving her husband, that is in living apart for just and reasonable cause, and yet not have a ground for divorce. That such "living apart" may be a good defense, let us say to a charge of desertion, is not this case where the charge is cruel and abusive treatment. *Lyster* v. *Lyster,* 111 Mass. 327 (1873); *Burke* v. *Burke,* 270 Mass. 449; 170 N. E. 384 (1930). As we have seen in this instance, the issue of "living apart" was not of necessity determined in the support proceedings.

The "nonsupport" of the Municipal Court order differs markedly from "nonsupport" as a cause for divorce.

The divorce statute reads:

"or, on the libel of the wife, where the husband being of sufficient ability or being able to labor and provide for her, grossly or wantonly and cruelly refuses or neglects to provide suitable maintenance for her;" *R. S. Ch. 153, Sec. 55.*

The separate support order was entered in a civil proceeding under a statute which reads "wilfully and without reasonable cause" and not, as in the divorce statute, "grossly or wantonly and cruelly." It is apparent that grossness or wantonness and cruelty are not necessary ingredients of the separate support order.

In *Cotton* v. *Cotton,* 103 Me. 210; 68 A. 824 (1907), the court pointed out the intent of the Legislature to give to the municipal and certain other courts jurisdiction and authority to grant prompt and summary relief. The court said on Page 213, "Such orders are ordinarily of a temporary character subject to revision by the court which makes them, . . . . . . ."

From 1895 when the Legislature first gave the right to petition for such support until 1927, there was no right of appeal from the court entering the order. *Laws of 1895, Chap. 136; Laws of 1927, Chap. 98.*

Further the support ordered in such sums "as are deemed reasonable and just" marks the limit of the wife's right to support and maintenance from her husband, until further order. *Inh. of Vienna* v. *Weymouth,* 132 Me. 302; 170 A. 499 (1934).

As we have pointed out, the order can be made while the parties live together. The order does not create a judicial separation. The marital status of the parties remains unchanged. *Slavinsky* v. *Slavinsky,* 287 Mass. 28; 190 N. E. 826 (1934).

No question of whether the effectiveness of the support order of the Municipal Court ended upon the husband bringing a libel for divorce against his wife here arises. So far as the record discloses, the husband is complying with the support order of the Municipal Court, and no order for support pending libel has been sought by the wife in the Superior Court.

Divorce with all its attendant problems is within the jurisdiction of the Superior Court. Not only is the life or death of the marriage there decided, but also in its watch and keeping are the problems which follow the broken marriage. There are determined questions of property, support for the innocent wife, and, of the highest importance, the care and support and comfort of children, the wards of the court.

Without doubt issues may become *res adjudicata* between husband and wife affecting the proceedings for divorce. Care must be taken, however, that only such issues as necessarily have been determined, not merely in words but in fact, within the meaning and intent of the divorce statute, be considered as finally and conclusively decided.

In support proceedings in the nature of the present Municipal Court proceedings it may be that neither party wishes or desires a divorce, that there has been no gross, wanton or cruel refusal or neglect to support, and that the dispute between husband and wife, living apart perhaps by agreement, arises not from a total failure to support but from a disagreement upon the amount of support.

Whether the husband was guilty of "nonsupport" within the divorce statute was not necessarily involved or determined in the Municipal Court proceedings.

The only other cause for divorce which it could be said is contained in the findings of the Municipal Court would be cruel and abusive treatment. "Extreme cruelty" is more serious in its nature than "cruel and abusive treatment," and, if the findings do not measure up to the latter, then assuredly they do not reach the former. "Cruel and abusive treatment" as a ground for divorce has been defined in *Holyoke* v. *Holyoke*, 78 Me. 404 at 411; 6 A. 827 at 828 (1886), as follows:

> "Deplorable as it is, from the infirmities of human nature, cases occur where a wilful disregard

of marital duty, by act or word, either works, or threatens injury, so serious, that a continuance of cohabitation in marriage cannot be permitted with safety to the personal welfare and health of the injured party. Both a sound body and a sound mind are required to constitute health. Whatever treatment is proved in each particular case to seriously impair, or to seriously threaten to impair, either, is like a withering blast and endangers "life, limb, or health," and constitutes the (6) (Cruel and abusive treatment) cause for divorce in the act of 1883."

It is apparent that the findings in the Municipal Court do not necessarily show that the husband was guilty of cruel and abusive treatment as above defined.

We mention "cruel and abusive treatment" for the reason that if it is disclosed at the hearing that the libelee has grounds for divorce, the court may not grant a divorce to the libelant. Whether the libelee chooses to raise the issue is not material.

The record does not disclose whether the libelant relies on acts of cruel and abusive treatment occurring before or after, or both before and after, the separate support order of June 7th. It is unlikely that his complaints commence after June 7th, although this is not impossible. In our view it is immaterial when the acts he will seek to prove on hearing occurred. What effect proof of living apart and of failing to support his wife at the date of the support order, or before or since such order, may have upon the force and effect of the evidence presented in his behalf is for the trier of facts, not for us to determine.

Nor is it necessary that we discuss the possibility of condonation by the wife of grounds of divorce for no such grounds were established in her favor in the Municipal Court.

In *Cochrane* v. *Cochrane*, 303 Mass. 467; 22 N. E. (2nd) 6; 138 A. L. R. 341 and note (1939), there may be found a

thorough discussion of several of the questions here presented. See also *Harrington* v. *Harrington,* 189 Mass. 281; 75 N. E. 632 (1905) ; *Watts* v. *Watts,* 160 Mass. 464; 36 N. E. 479; 23 L. R. A. 187; 39 A. S. R. 509 (1894) ; *Krasnow* v. *Krasnow,* 280 Mass. 252; 182 N. E. 338 (1932).

We hold, therefore, that the separate support order does not bar the husband from a divorce upon his libel. In accordance with the stipulation of the parties, the case is remanded to the Superior Court for trial.

*It is so Ordered.*