Argued February 8, decided February 23, rehearing denied April 27, 1909.

## ANDREW *v.* ANDREW.

[99 Pac. 938.]

DIVORCE—GROUNDS—CRUELTY.

Acts of a wife in forging the name of her grandfather to a note payable to herself, to her husband's great humiliation; in falsely accusing her husband of marital infidelity; in spying upon him; in intercepting his mail and telephone messages; in attempting to enter a public office he was occupying through a transom; in seeking by every means available to annoy and harass him; in showing a disposition to dominate her husband in relation to all his personal acts and conduct in public and in the privacy of their home life, at times amounting to dictation of his movements in the presence of others; in annoyance at their boarding house and in his business office, accompanied at times by a display of force on her part—constitute cruel and inhuman treatment sufficient to warrant the granting of a divorce.

From Multnomah: ARTHUR L. FRAZER, Judge.

This is a suit for divorce by Charles B. Andrew, against Ella G. Andrew, on the alleged grounds of cruel and inhuman treatment and personal indignities by defendant toward plaintiff, rendering his life burdensome. From a decree in favor of plaintiff, defendant appeals.                AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Thomas N. Strong.*

For respondent there was a brief over the names of *Mr. William D. Fenton* and *Mr. Ben C. Dey,* with an oral argument by *Mr. Fenton.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is a suit for divorce, based upon cruel and inhuman treatment and personal indignities by defendant toward plaintiff, rendering life burdensome. The principal acts alleged as cruelty are: That defendant forged the name of her grandfather to a note of $10,000, payable to herself, to plaintiff's great humiliation; that she falsely accused plaintiff of marital infidelity; was guilty of spying upon him, intercepting his mail and phone wires; attempting to enter a public office, he was occupying, through a transom; and sought by every means available to nag, annoy, and harass him. These things are alleged at great length and with much detail. At the trial more than 700 typewritten pages of testimony were taken. Much of it related to petty affairs of their marital life and history. During all the time of the trouble between plaintiff and defendant, from the year 1901 until the separation, plaintiff had been suffering from neurasthenia. The trial court made findings of fact in favor of plaintiff, and rendered a decree of divorce thereon, from which defendant appeals.

No good purpose can be served by an extended reference to the evidence in this opinion, but upon a thorough review thereof we think the conclusions of the trial court are fully sustained. In addition to the matters mentioned by the trial judge, there clearly appears to have been a disposition on the part of the defendant to dominate plaintiff in relation to all his personal acts and conduct, in public and in the privacy of the home and home life, at times amounting to dictation of his movements in the presence of others, bother at their boarding house and in the business office, and accompanied, at times, by a display of force on her part. And the conclusion is unavoidable that plaintiff had been so dominated by her that he was unable to free himself therefrom, or to assert himself, until he separated from her, and these conditions were largely the cause of his nervous debility.

Without attempting to excuse the conduct of plaintiff, of which defendant complains, in seeking the company of other women or corresponding with them, the evidence does not justify the defendant's contention that plaintiff has maintained any improper relations with the woman she mentions. Upon the whole record we conclude that defendant's conduct toward plaintiff, both in public and private, was such as to render life with her burdensome.

Decree affirmed.    AFFIRMED: REHEARING DENIED.