Submitted on brief by appellant June 23, reversed June 30, re-
hearing denied July 21, motion to recall mandate denied Sep-
tember 15, 1925.

# ELVIN C. CONDIT v. CONSTANCE CONDIT.

(237 Pac. 360.)

**Divorce—Acts of Plaintiff Held not to Preclude Relief.**

Where extreme cruelty on part of wife was shown, and no
act of adultery or other recognized cause for divorce on part of
husband was shown, denial of divorce to him because he had
participated in drinking parties and kept company with, or dis-
played affection for, other women, *held* erroneous.

See (1) 19 **C. J.** 94.

From Multnomah: LOUIS P. HEWITT, Judge.

In Banc.

REVERSED. REHEARING DENIED. MOTION TO RE-
CALL MANDATE DENIED.

For appellant there was a brief over the name of
*Mr. Thomas Mannix.*

No appearance by respondent.

BURNETT, J.—For the defendant wife, the mar-
riage involved in this suit is her fourth. On the
other hand, so far as the record discloses, this is only
the second for the plaintiff. It may be premised that
in that respect they are not *in pari delicto.* Suffice it
to say that after a brief courtship they married in
haste and very soon thereafter the plaintiff had cause
to repent at his leisure. He seems to have caught a
tartar and it is amply proven that on various occa-
sions, she treated him with extreme cruelty, swearing
at him, scratching him, biting him and applying to

1. Right to divorce as affected by comparative gravity of re-
criminatory offenses, see notes in 6 Ann. Cas. 171; Ann. Cas. 1917A,
177. See, also, 9 R. .C. L. 388.

him in the presence of others opprobrious and obscene epithets. There is much history of several social parties attended by the plaintiff and defendant, at which considerable intoxicating liquor was consumed accompanied by much indiscriminate hugging and kissing, and the like. The social circle in which they moved seems to have been of a low grade. The plaintiff himself seems not to have been a refined and courtly gentleman. He may not even have been a diamond in the rough, but the proof sustains the charges he makes against his spouse.

The trial judge who heard the suit found as matter of fact conduct of the defendant quite sufficient as grounds for divorce, but refused that relief because the plaintiff participated in the drinking bouts and kept company with and displayed affection for other women. The testimony discloses that the defendant evinced by her conduct a disposition to get all the money possible from the plaintiff and that when she should have accomplished all she could in that direction she intended to discard him. It is apparent that on her part the marriage was a commercial adventure. She does not demand any affirmative relief. The testimony does not disclose any act of adultery on the part of the plaintiff or any other conduct coming within any of the recognized causes for divorce under our statute.

As to the marital relation existing between husband and wife in this instance, the evidence is very clear that the plaintiff is not *in pari delicto* with the defendant in offending against that relation. On this point it is well said in 21 C. J. 189:

"The maxim being one founded on public policy, public policy may require its relaxation. Even when

the parties have been found to be *in pari delicto,* relief has at times been awarded on the ground that in the particular case public policy has been found to be best conserved by that course."

In a similar case of *Andrew* v. *Andrew,* 53 Or. 531 (99 Pac. 938), Mr. JUSTICE EAKIN, speaking for the court, said:

"Without attempting to excuse the conduct of plaintiff, of which defendant complains, in seeking the company of other women or corresponding with them, the evidence does not justify the defendant's contention that plaintiff has maintained any improper relations with the woman she mentions. Upon the whole record we conclude that defendant's conduct toward plaintiff, both in public and private, was such as to render life with her burdensome."

We are not concerned with either property or children in this suit. No issue is presented in that respect. The state is not interested in perpetuating such a marriage as is here revealed, and no good reason exists why it should not be dissolved. The decree of the Circuit Court is therefore reversed and a decree here entered granting a divorce to the plaintiff according to the prayer of his complaint, except that neither party shall recover costs or disbursements from the other, either in this court or in the Circuit Court.

REVERSED AND DECREE ENTERED. REHEARING DENIED. MOTION TO RECALL MANDATE DENIED.