## JAMES G. MORRISON *vs.* SUSIE E. MORRISON.

Suffolk.   March 5. — July 16, 1886.

Connivance by a husband at an act of adultery, committed by his wife with one person, on the ground of which a libel for divorce filed by him is dismissed, is not an absolute bar to a libel for divorce for a prior act of adultery, committed by her with another person, and not known to the husband at the time he brought the former libel.

LIBEL for divorce, on the ground of adultery, alleged to have been committed with one Pease on divers days between June 1, 1881, and March 1, 1882.

At the trial, before *Colburn,* J., it was admitted that the parties to this cause were the same as those to the case reported in 136 Mass. 310, in which adultery of the libellee was charged, between February 21, 1882, and August 21, 1882, with one Dixon.

The libellant introduced evidence tending to prove adultery of the libellee with said Pease between June 1, 1881, and February 21, 1832; and that he did not know of the adultery charged in the present libel at the time he brought the former libel.   The record and report of the former proceeding were introduced in evidence.   The libellee contended that such record and report, and the facts involved therein, were a bar to this proceeding, and requested the judge so to rule.   She also requested the judge to rule that, by such record, the libellant was estopped to deny his connivance at the adultery therein charged and found; that such connivance was a bar to this proceeding; and that the connivance of the libellant at one adultery barred him from a divorce for any other prior adultery.

The judge declined so to rule, and ruled that the libellant was estopped by the record and report of the former suit to deny his connivance at the adultery therein charged, but that the record and report were not a bar to maintaining the present libel, if the libellant proved that the adultery charged in the present suit was committed prior to the adultery charged in the former suit, and was not known to him at the time he brought the former libel.

The judge found for the libellant, and ordered a decree of divorce in his favor for the adultery charged; and the libellee alleged exceptions.

*H. W. Bragg*, for the libellee.

*S. Lincoln & J. R. Smith*, for the libellant.

GARDNER, J. The question raised in this case is, whether the connivance of the husband at one act of adultery is a bar to a divorce for a prior act with another *particeps criminis.* The libellant contends, that, the adultery of the libellee with Pease having been found, the only thing which can bar the libellant is condonation of that adultery, connivance at that adultery, or the commission by the libellant of some offence which is in itself ground for a divorce. Neither condonation of the adultery with Pease, nor connivance at it, is set up in defence.

The statutes enumerate various causes which will entitle an aggrieved party to an absolute divorce from the bond of matrimony. Pub. Sts. *c.* 146, § 1. It is well settled that a suitor for divorce cannot prevail, if open to a valid charge, by way of recrimination, of any of the causes of divorce set out in the statute. *Cumming* v. *Cumming*, 135 Mass. 386, 389. Recrimination as a bar to divorce is not limited to a charge of the same nature as that alleged in the libel. *Handy* v. *Handy*, 124 Mass. 394. It is sufficient if the recrimination charges any one of the causes of divorce, of equal grade, so declared in the statute.

The general principle which governs in a case where one party recriminates is, that recrimination must allege a cause which the law declares sufficient for a divorce. *Lyster* v. *Lyster*, 111 Mass. 327. *Cumming* v. *Cumming, ubi supra. Clapp* v. *Clapp*, 97 Mass. 531. *Hall* v. *Hall*, 4 Allen, 39.

*Lyster* v. *Lyster* was a libel for divorce on the ground of desertion. The libellee justified in leaving the libellant because of his cruel and abusive treatment, and his gross and confirmed habits of intoxication. The court held that ill-treatment or misconduct by the husband, of such a degree or under such circumstances as not to amount to cruelty for which the wife would be entitled to sue for a divorce, might justify her in leaving his home, and prevent his obtaining a divorce for her desertion if she did so. This decision is in accordance with the great weight of American authority. It is not a case of recrimination. The

libellee justifies her act in leaving her husband by reason of his ill-treatment. The general rule, that recrimination must allege a cause which the law declares to be sufficient for a divorce, is not affected by it.

Our divorce statutes make no provision respecting connivance, collusion, condonation, or recrimination, and this court has assumed that the Legislature " intended to adopt the general principles which had governed the ecclesiastical courts of England in granting divorces from bed and board, so far as these principles are applicable, and are found to be reasonable." *Robbins* v. *Robbins*, 140 Mass. 528. This assumption does not go so far as to embrace the recent statute law of England in relation to divorce.

Under the English divorce act, 20 & 21 Vict. *c.* 85, a divorce will not be granted, if the court find that, during the marriage, the petitioner has been accessory to, or conniving at, the adultery of the other party to the marriage, or has condoned the adultery complained of. It has been repeatedly held, under this statute, that connivance on the part of the husband will, in point of law, bar him from obtaining relief, on account of the adultery which he has allowed to take place. *Volenti non fit injuria* is the principle upon which the rule has been founded. *Rogers* v. *Rogers*, 3 Hagg. Eccl. 57. *Phillips* v. *Phillips*, 1 Rob. Eccl. 144, 161. Under this principle, it is not always necessary to show active connivance. If it is proved that there has been a long course of criminal conduct on the part of the wife, of which the husband was cognizant, or of which, by law and presumption, he must be supposed to have been cognizant, he cannot secure relief. *Crewe* v. *Crewe*, 3 Hagg. Eccl. 123. The conduct of the husband after being informed of the adultery of his wife, his refusal to interfere with her, or to institute proceedings against her for a divorce, or his long delay in so doing, may not in themselves be connivance, but may be evidence of it. A total indifference to such adultery may lead to the inference of original consent. If there was consent, there was no injury, and the husband cannot ask for relief where he has not been injured.

It has also been held that a husband who connives at an act of adultery by his wife cannot complain of any subsequent act, whether with the same or with another *particeps criminis*. *Gipps*

v. *Gipps*, 3 Sw. & Tr. 116. *Stone* v. *Stone*, 3 Notes of Cases, 278, 282. It has been held that the same principle extends to any act of adultery subsequent to the one directly connived at, because the husband, having consented to the fall of his wife from virtue, cannot complain of acts naturally resulting from such fall. It has been doubted whether the general doctrine that connivance at one adultery is a bar to any subsequent adultery, either with the same or with another *particeps criminis*, should govern all cases. The doctrine may be carried too far, and thus deprive a man of all hope, however repentant he may be, and however he may strive to win his wife to repentance.  2 Bish. Mar. & Div. § 10.

In *Hodges* v. *Hodges*, 3 Hagg. Eccl. 118, it was held that a husband, proceeding against his wife for her gross adultery committed after a separation of five years from him, resulting in the birth of children baptized in his name, was not barred, although, before the separation, he had connived at her adultery with men other than the one with whom this was committed. This case has been doubted and overruled. *Stone* v. *Stone, ubi supra. Rogers* v. *Rogers, ubi supra.*  See also *Hedden* v. *Hedden*, 6 C. E. Green, 61.

The libellee relies upon the language used by Lord Stowell in *Lovering* v. *Lovering*, 3 Hagg. Eccl. 85.  In that case, an apprentice was continued in the house, with the husband's permission, after he knew of great and indecent familiarities between the apprentice and his wife, and until she was guilty of adultery with another.  The court found that the facts amounted almost to consent, and showed a degree of delinquency which rendered him unworthy of a remedy; that the husband had connived at another adulterous act nearly contemporaneously committed with another person.  The wife made no defence.  " The ecclesiastical court," said Lord Stowell, "requires two things, that a man shall come with pure hands himself, and shall have exacted a due purity on the part of his wife; and if he has relaxed with one man he has no right to complain of another."

The language of the court was applicable to the facts of the case, and cannot be referred to a state of facts not existing.  It could not refer to a prior act of adultery.  The facts of the case did not authorize such reference.  Whatever misconduct the court found must have been such as conduced to the subsequent

or contemporaneous adultery. When his lordship said, "If he has relaxed with one man, he cannot complain of another," he said in substance, "If he has relaxed with the apprentice, he cannot complain of the man who contemporaneously committed adultery with his wife." This case is no authority for the doctrine contended for by the libellee.

We have been referred to no case where the court has held that connivance was a bar to a divorce for a prior adultery. The English statutes and decisions seem to require that the adultery complained of must in some way be the result of, or connected with, the connivance charged, or the divorce will not be barred. As where a wife sets up in defence her husband's connivance at an adultery with a different person, prior to the adultery charged, she must prove the prior adultery. *Stone* v. *Stone, ubi supra. Harris* v. *Harris,* 2 Hagg. Eccl. 376, 416. The iniquity which deprives a suitor of a right of justice in a court of equity is not general iniquitous conduct, unconnected with the matter in suit, but evil practice or wrongful conduct in the particular matter or transaction in respect to which judicial protection or redress is sought. *Woodward* v. *Woodward,* 14 Stew. Eq. 224.

We find no authority for laying down the rule, that, under all circumstances, connivance at one adultery is an absolute bar to a divorce for a prior adultery, and we feel disinclined to say that it is not reason for refusing a divorce under some circumstances. The character of the connivance under some circumstances may be so open, gross, and revolting, that the court may find that no injury has been done the husband, and that therefore there is nothing to redress, that the husband has entirely abandoned all right to claim that his wife should be chaste, and that he has thus consented to her prior adultery. He may come before the court with such impure hands, that, upon the soundest considerations of public policy, his divorce should be refused. On the other hand, the circumstances of the connivance may be of such a character, having no connection or relation with the prior adultery, as not to operate as a bar, or otherwise, against the right of the husband to find relief.

In the case at bar, the presiding justice ruled that the record of the former suit was not a bar to maintaining the present libel,

if the libellant proved that the adultery charged in the present suit was committed prior to the adultery charged in the former suit, and was not known to him at the time he brought the former libel. Upon inspection of the record of the former suit, and examination of the evidence reported, we do not find the connivance found by the court in that case to be of such a character as to bar the libellant from a divorce for the adultery charged in the libel at bar.                    *Exceptions overruled.*