## BAILEY *v.* BAILEY.

A husband's connivance at his wife's adultery for the purpose of procuring direct proof, he having had at the time suspicions, but not proof, of previous acts of adultery, is not a bar to his obtaining a divorce for her previous adultery with a different man.

A husband's cohabitation with his wife after he had suspected her of adultery, but before he had had proof of it, is not a condonation.

Conduct of the husband which might have justified his wife's leaving him, but was not a ground for divorce, is not a bar to his obtaining a divorce for her adultery.

LIBEL FOR DIVORCE, for adultery. Facts found by the court. The parties were married in June, 1884, and lived together until

January 31, 1892. In May, 1889, the defendant committed adultery with one Gray, and in February, 1892, with the plaintiff's brother. The plaintiff had no knowledge of the first act, nor power to prove it before the second was committed; but he suspected his wife of adultery. On January 31, 1892, the brother, by procurement of the plaintiff, carried the defendant from her home to his mother's house where he was living. She remained there a week, during which the act last named occurred. The plaintiff went there for a visit soon after his wife was taken there, and when he returned home he did not ask her to accompany him nor wish her to do so. His purpose in leaving her there was to afford her an opportunity to commit adultery with his brother, so that he might have direct proof of the fact. The plaintiff has used cider habitually and spirituous liquor occasionally, and has been intoxicated, but is not an habitual drunkard. He has been unkind and ill-natured in conduct towards his wife, and indifferent to her comfort and happiness, and on two occasions did her personal violence, but his treatment did not amount to extreme cruelty. A divorce was denied because of the plaintiff's connivance at the adultery with his brother, and the plaintiff excepted.

*Kenson E. Dearborn* and *Frank N. Parsons*, for the plaintiff.

*Fling & Chase*, for the defendant.

CHASE, J. The evidence was sufficient to support the finding of connivance by the plaintiff at the defendant's adultery with his brother. It tends to show that he assented to the act, and passively, if not actively, aided in its accomplishment. 2 Bish. Mar. & Div., ss. 4 *et seq.; Morrison* v. *Morrison*, 136 Mass. 310. This finding defeated the plaintiff's claim to a divorce on account of that adultery. *Masten* v. *Masten*, 15 N. H. 159, 161. But it is no answer to the claim founded on the act of adultery committed with Gray nearly three years earlier. *Woodward* v. *Woodward*, 41 N. J. Eq. 224; *Morrison* v. *Morrison*, 142 Mass. 361. The connivance proved could have had no influence in causing that act. It had no tendency to show that the plaintiff assented to that intercourse, or that he unreasonably exposed his wife to temptation at that time. As the plaintiff, while he cohabited with his wife, had no knowledge of this adultery, but only a suspicion of her infidelity, such cohabitation was not a condonation of the wrong. *Quincy* v. *Quincy*, 10 N. H. 272. The defence of recrimination also fails, because the acts proved in support of it would not amount to causes of divorce in favor of the defendant if she were innocent and the complaining party. P. S., *c.* 175, *s.* 5, *pp.* III, VIII; 2 Bish. Mar. & Div., ss. 78 *et seq.; Hall* v. *Hall*, 4 Allen 39, 40; *Clapp* v. *Clapp*, 97 Mass. 531; *Cumming* v. *Cumming*, 135 Mass. 386, 389. While his conduct might have

justified her leaving him (*Lyster* v. *Lyster*, 111 Mass. 327), it did not justify or excuse her adultery. *Morrison* v. *Morrison*, 142 Mass. 361. The plaintiff is entitled to a divorce for the defendant's adultery with Gray.

*Exception sustained ; divorce decreed.*

SMITH, J., did not sit: the others concurred.