JENNIE E. CUSHMAN *vs.* LEWIS N. CUSHMAN.

Middlesex.    November 20, 1906. — January 4, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Marriage and Divorce.*

Where to a libel by a wife for divorce on the ground of adultery the husband by way of recrimination sets up previous desertion on the part of the libellant, and the trial judge finds that the charge of adultery is sustained and that the charge of desertion is not sustained, he should grant the divorce, and it is error for him to order that the libel be dismissed on the ground that, although the conduct of the libellant did not amount to desertion, " there was on her part such unmindfulness of marital obligations as to preclude the granting of her libel."

LIBEL FOR DIVORCE, by Jennie E. Cushman against Lewis N. Cushman, filed June 21, 1904, charging the libellee with adultery committed at Hubbardston on or about June 15, 1904.

There was a previous libel by Lewis N. Cushman *v.* Jennie E. Cushman, dated February 8, 1904, alleging desertion on or about January 3, 1901.

In the Superior Court the cases were heard by *Aiken,* C. J. He found that Lewis N. Cushman committed adultery at Hubbardston on June 15, 1904, with the person named in his wife's libel, and by reason of that misconduct ordered that his libel be dismissed. Upon the wife's libel, after stating the facts, the Chief Justice concluded as follows:

" While I do not find her conduct amounted to desertion, I do find that there was on her part such unmindfulness of marital

obligations as to preclude the granting of her libel and I order the same dismissed."

To this order the libellant alleged exceptions, raising only the question whether on the facts found the libel as matter of law could be dismissed.

*S. J. Elder,* (*F. E. Bradbury* with him,) for the libellant Jennie E. Cushman.

*E. R. Anderson,* for the libellee Lewis N. Cushman, submitted his case to the court without argument and without a brief.

HAMMOND, J.    To a libel of the wife for divorce on the ground of adultery the husband filed an answer denying the adultery and setting up by way of recrimination previous desertion on the part of the wife.    At the trial the judge found that the husband was guilty of the adultery.    But as to the charge of desertion he did not find that the wife's conduct amounted to desertion, although he did find " that there was on her part such unmindfulness of marital obligations as to preclude the granting of her libel," and ordered it to be dismissed.    In other words, the wife's charge of adultery was sustained but the husband's charge of desertion was not.

However it may be elsewhere, the rule in this Commonwealth is that while the offence set up in recrimination need not be of the same nature as the one relied upon in the libel, yet it must be such as in law would be of itself sufficient ground for divorce. *Hall* v. *Hall,* 4 Allen, 39.    *Clapp* v. *Clapp,* 97 Mass. 531. *Watts* v. *Watts,* 160 Mass. 464.    *Walker* v. *Walker,* 172 Mass. 82, and cases there cited.    If upon the evidence the judge had found desertion, the dismissal of the libel would have been correct; but he did not find it, and there is nothing in the facts found by him as to the conduct of the wife which estopped her from a divorce on the ground of the husband's adultery.    This case does not belong to the class of which *Lyster* v. *Lyster,* 111 Mass. 327, is a type, where the libellee attempts to justify the charge alleged in the libel (in that case it was desertion) by showing misconduct on the part of the libellant which, although not sufficient in law to constitute a ground of divorce, may yet be sufficient in law to justify the act relied upon in the libel. *Watts* v. *Watts, ubi supra.*    In the case before us a separate and distinct offence on the part of the libellee, having no relation to

the offence charged, is set up as a bar to the libel. In such a case, as has been before stated, the offence set up must be sufficient of itself to constitute a ground of divorce.

*Exceptions sustained.*