WILLIAM F. NEWMAN *vs.* ANNA B. NEWMAN.

Middlesex.  January 11, 1912. — May 21, 1912.

Present: RUGG, C. J., MORTON, HAMMOND, SHELDON, & DeCOURCY, JJ.

*Marriage and Divorce.  Judgment.  Practice, Civil,* Exceptions, Trial by judge without jury.

At the trial of a libel for divorce against a wife for a specified act of adultery it appeared that the husband had brought a previous libel for divorce which had been dismissed.  The judge, against the exception of the libellee, "permitted evidence to be introduced as to matters testified to in the former case so far as the same might indicate an adulterous disposition on the part of the libellee." There was direct evidence ample to prove the act of adultery charged in the present libel and the record recited that the "court unaffected by the evidence excepted to, relative to the previous conduct of the libellee, found as a fact that the allegations of the libel were sustained." *Held,* that, without deciding whether the former judgment was a bar to the admission of the evidence, its admission was made immaterial by the subsequent action of the judge.

At the trial of a case before a judge without a jury the admission of incompetent evidence, which the judge states that he afterwards disregarded in his findings of fact, is not to be commended.

Where a libel by a husband for divorce, charging the libellee with one specified act of adultery, contains the allegation, usual in this Commonwealth, that the libellant always has been faithful to his marriage vows and obligations and the answer is a general denial without any specification under Divorce Rule 9 of the Superior Court of any substantive fact which the libellee intends to rely upon at the hearing, the libellee cannot be allowed to show that the libellant has been unfaithful to his marriage vows by misconduct which has no relation to the offense charged against the libellee.  And *it seems,* that, even before the adoption of the rule of court in 1906, the better practice was in accordance with this conclusion.

---

* This was a request for a ruling that the plaintiff could not recover on the first count.

LIBEL FOR DIVORCE, filed July 12, 1910.

In the Superior Court the case was heard by *Quinn,* J., who ordered a decree nisi for the libellant. The libellee alleged exceptions, raising the two questions which are stated in the opinion.

The case was submitted on briefs.

*J. H. Hurley,* for the libellee.

*H. L. Baker & F. K. Rice,* for the libellant.

HAMMOND, J. Two questions are raised, both of evidence.

1. It appeared that the libellant had previously brought a libel for divorce against the present libellee, and the record showed that it had been dismissed. Nevertheless, at the hearing on this present libel, the presiding judge, against the exception of the libellee, "permitted evidence to be introduced as to matters testified to in the former case in so far as the same might indicate an adulterous disposition on the part of the libellee." It is urged by the libellee that by the former judgment, which was in her favor, the libellant was shut off from all further inquiry not only as to whether before the time covered by the previous libel she had committed adultery but also whether up to that time she had shown an adulterous disposition. We do not find it necessary to consider this contention because we think that the error, even if there was any, was corrected by the subsequent action of the judge, and that the libellee was not prejudiced by the admission of the evidence.

Only one act of adultery was specified in the libel, alleged to have occurred between six o'clock P. M., July 6, 1910, and seven o'clock A. M. of the next day upon the high seas, on a steamboat plying between Boston and Portland. The evidence was ample to prove the allegation. The record recites that the "court unaffected by the evidence excepted to, relative to the previous conduct of the libellee, found as a fact that the allegations of the libel were sustained." We understand this to be in effect a statement that in coming to a conclusion the judge entirely disregarded the evidence to which the libellee had objected, or in other words that he as judge had instructed himself as a finder of facts to disregard it, and obeying the instruction did disregard it. That being so, it does not appear that the libellee was harmed even if the evidence was wrongly admitted. This method of the trial of cases before a judge without a jury, however, is not to be commended any more than in a trial with a jury. In either case it is

always desirable that the person who determines the facts, whether he be judge or juror, should hear only what the law says he may hear. It is hard to be sure of one's self after the evidence is introduced, even if one tries to disregard it. In the present case, however, the evidence as to the adultery charged was so direct and, if believed, so conclusive, that the evidence of any previous adulterous disposition may well have been regarded as of no consequence and wholly to be set aside, as well upon the question of the credibility of the witnesses as to the adultery charged, as upon the fact of its occurrence.

2. The libel recited, as is usual in this Commonwealth, that the libellant always had been faithful to his marriage vows and obligations. The answer was a general denial. Several questions were asked of both libellant and libellee with the intent to show that the former had not been faithful to his marriage vows and obligations. The judge ruled that any material misconduct or unfaithfulness on the part of the libellant "would have to be specially pleaded," and having so ruled excluded the questions, to all of which the libellee excepted.

It is to be premised that this exception in no way concerns the right of the judge as the representative of the interests of the public to make inquiries having a material bearing upon those interests, whatever may be the issues raised by the pleadings. This right cannot be affected by the pleadings of the parties. We are dealing only with the rights of the parties under the pleadings.

In support of her exception the libellee urges that, since the libel alleges the faithfulness of the libellant to his marriage vows and the answer denies all the allegations of the libel, the faithfulness of the libellant is necessarily one of the issues involved; and that in such a state of the pleadings any evidence of his violation of his marriage vows is admissible. To apply this to the present case, she insists that although the charge against her is one definitely specified act of adultery she is entitled to show that the libellant has been guilty of some act of adultery or other misconduct inconsistent with his marriage vows, although such act may have had no relation to the offense charged against her.

It seems that in the ecclesiastical courts of England it was not the practice to allege the "virtue of the libellant." The libel set out the marriage, the jurisdictional facts and the misconduct

relied upon; and this was regarded as making out a *prima facie* case. And any misconduct of the libellant upon which the libellee relied to defeat the action was set up in the answer. Coote's Eccl. Pr. 320, 350. And such is the practice in England under St. 20 & 21 Vict. c. 85, under which actions for divorce were transferred from the ecclesiastical to the law courts. Dixon on Divorce (ed. of 1883), 554, and (ed. of 1908) 372. In the United States the practice varies according to the statutes of the respective States. See 2 Bish. Mar. & Div. §§ 596 *et seq.*, and the notes thereto, for a general statement of the practice. In some States the allegation of faithfulness seems necessary. *Epling* v. *Epling,* 1 Bush, 74. *White* v. *White,* 45 N. H. 121.

In this Commonwealth the general practice, beginning probably very early (see Oliver's Prec. (ed. of 1828) 561) and continuing down to the present time has been for the libellant to allege his faithfulness to his marriage vows and obligations. And there can be no doubt that quite generally, in the absence of any written answer the libellee has been allowed to introduce evidence bearing upon that allegation, even although the intention was to show misconduct having no relation whatever to the offense charged against the libellee. The better practice, however, is shown in *Pastoret* v. *Pastoret,* 6 Mass. 276. In that case, which was a libel for divorce *a vinculo* for the cause of adultery, the libellee pleaded that the several allegations contained in the libel were false, and prayed that the divorce might not be granted. The court said that under the pleadings they would not permit evidence to be given of adultery on the part of the libellant, but that the plea must allege the facts which the libellee intended to prove, in order that the libellant might have notice of the charge and prepare herself to repel it if in her power. Accordingly the libellee pleaded anew, alleging adultery on the part of the libellant. And such has been the usual practice in cases of recrimination where the act relied upon as a bar to the libel has no connection whatever with the offense charged therein, but relates to entirely independent misconduct. See *Cushman* v. *Cushman,* 194 Mass. 38, and cases cited.

But whatever might have been the practice before 1906, the rights of the parties in this respect seem to be defined and settled by the ninth divorce rule passed by the Superior Court in that year.

It is as follows: "A libellee who appears to contest the libel, shall, before the hearing, file an answer stating fully and specifically what allegations in the libel he admits or denies and every substantive fact he intends to rely upon at the hearing." This rule fairly interpreted means at least that if the libellee relies upon any substantive fact as a bar to the libel, which fact is entirely independent of the offense charged against him, he must plead it. And that is so even if the libel sets up the faithfulness of the libellant and the answer denies it. The rule thus interpreted tends to give each party in this important and delicate subject of legal inquiry a chance to prepare to meet a charge of marital misconduct. Under the pleadings the evidence was properly excluded.

*Exceptions overruled.*