### LILLIAN E. WATERHOUSE vs. MARTIN V. B. WATERHOUSE.

Suffolk.   October 20, 1916. — November 28, 1916.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Marriage and Divorce.*

R. L. c. 152, § 17, providing that upon a libel for divorce "The court may, without entering a decree of divorce, cause the libel to be continued upon the docket from time to time, and during such continuance may make orders and decrees relative to a temporary separation of the parties, the separate maintenance of the wife and the custody and support of the minor children," does not confer upon a trial judge, who has heard the evidence upon a libel for divorce and has decided that the libellant is entitled to a decree, the power to refuse to enter a decree and to continue the case indefinitely.

Under R. L. c. 152, § 17, where, after hearing a libel for divorce, the trial judge makes a finding that the libellant has proved a case for divorce and that she has not been guilty of marital infidelity, it becomes his duty to make a decree for divorce.

LIBEL FOR DIVORCE, filed on February 14, 1916.

In the Superior Court the case was heard by *McLaughlin*, J. The findings of the judge are stated in the opinion. Under R. L. c. 152, § 17, the judge made a decree which is printed in a footnote on page 230, continuing the case on the docket and making pro-

vision for the separate maintenance of the wife and the custody and support of the minor children. The libellant contended that on the findings of the judge she was entitled to a decree of divorce as matter of law, and at her request the judge reported the case for determination by this court. If on the facts as reported by the judge he was required to enter a decree for divorce and could not continue the case on the docket with provision for custody and support, the decree was to be vacated and a decree *nisi* for cruel and abusive treatment was to be entered; otherwise, the decree was to be affirmed.

R. L. c. 152, § 17, is as follows: "The court may, without entering a decree of divorce, cause the libel to be continued upon the docket from time to time, and during such continuance may make orders and decrees relative to a temporary separation of the parties, the separate maintenance of the wife and the custody and support of minor children. Such orders and decrees may be changed or annulled as the court may determine, and shall, while they are in force, supersede any order or decree of the Probate Court under the provisions of section thirty-three of chapter one hundred and fifty-three, and may suspend the right of said court to act under the provisions of said section."

*H. T. Richardson,* for the libellant.

No brief was filed and no counsel appeared for the libellee.

RUGG, C. J. This is a libel for divorce. There was a finding in the Superior Court that cruel and abusive treatment, one of the causes for divorce alleged in the libel, was sustained by evidence of acts committed by the libellee in and before the year 1913, when a separation occurred; that thereafter the libellant condoned this cause upon condition that, upon her returning to live with the libellee, he would treat her properly; that in 1914 the libellee committed a breach of the condition on which the libellant had condoned the previous misconduct of the libellee; and that thereupon her right to prosecute the libellee for cruel and abusive treatment was revived.

The libellee filed an answer alleging by way of recrimination that the libellant was guilty of adultery. While finding against this allegation, the judge found that in her behavior toward another man she had been regardless of ordinary propriety. There

are two young children, one of whom is now in the custody of the mother, and the other of the father. A decree was entered, which is printed in a footnote.*

The question presented is whether, when it has been found that a statutory ground for divorce has been proved, and counter charges against the libellant are not proved, the judge has a right to refuse to grant the divorce and continue the libel from time to time without final action simply upon his own choice or preference of what ought to be done. The decision turns upon the true construction of R. L. c. 152, § 17. This section does not confer upon the judge, after he has heard the libel and decided that the libellant is entitled to a decree, power to refuse to enter a decree and to continue the case indefinitely. A proceeding for divorce is not according to the common law. It is in this Commonwealth entirely the creature of statute. *Robbins* v. *Robbins,* 140 Mass. 528, 530. The instant section was not intended to render the granting of libels in all cases discretionary with the court. When a case has been heard and a finding made that the libellant has proved a case for divorce and has not been guilty of marital infidelity, then the granting of the divorce is not discretionary. It is quite inconsistent with the general tenor of our statutes relating to divorce, and the establishment of several causes as absolute grounds for divorce, to construe this section as conferring a wholly unrestrained volition upon the judge to refuse to grant a divorce when every prerequisite prescribed by the Legislature for obtaining a divorce has been proved to his satisfaction. Such an interpretation would be substituting the preferences of men for a rule of law. This section is not susceptible of that meaning. Without undertaking to state more specifically than is necessary for the decision of this case the scope of § 17, it is enough to say

* The decree was as follows: "This case came on to be heard at this sitting, and was argued by counsel, and thereupon, upon consideration thereof, it is ordered, adjudged and decreed that said libel be continued on the docket of said court, and that the libellant have the care and custody of their minor child Donald, and that the libellee have the care and custody of their minor child Richard; that both libellant and libellee have the right to see the child not in their respective care and custody at any reasonable time; that the libellee pay to the libellant within thirty days from the date hereof Nine Dollars ($9.), and in addition the sum of Four Dollars ($4.) per week on each Saturday, beginning July 1, 1916."

that it does not apply to a case like the present. In view of the findings made by the judge, the decision in *DeFerrari* v. *DeFerrari*, 220 Mass. 38, affords no support for the decree which here was entered.

In accordance with the terms of the report, the decree may be reversed, and a decree entered granting the divorce on the ground of cruel and abusive treatment, together with such provision as to the custody and support of the minor children as the court may direct.

*So ordered.*

