ABRAHAM KRASNOW *vs.* EVA KRASNOW.

EVA KRASNOW *vs.* ABRAHAM KRASNOW.

Suffolk.    May 9, 1932. — September 14, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Marriage and Divorce.*

The exercise of physical violence by a husband upon his wife, resulting in injury to her and a reasonable anticipation of further injury to her health if the parties should continue to live together, constituted cruel and abusive treatment justifying a decree for divorce on that ground upon a libel filed by her.

Where, at the hearing together by a judge of probate of a petition by a husband against his wife for an adjudication that he was living apart from her for justifiable cause and of a libel by her for divorce on the ground of cruel and abusive treatment, the judge found that the husband had been guilty of such cruel and abusive treatment and that certain conduct of the wife with another man, although it was reprehensible and, if "he were free from marital fault, . . . would have been found to warrant a decree . . . [in his favor] on his petition," nevertheless did not show that she had been guilty of adultery, there was no error in a ruling by the judge that, "to amount to a defence to her libel, the court must find that she committed adultery," such ruling in the circumstances meaning that the wife's conduct, in order to constitute a defence to her libel, must have been sufficient to constitute a statutory ground of divorce; nor was there error in the entry of decrees dismissing the petition by the husband and granting the divorce sought by the wife.

PETITION, filed in the Probate Court for the county of Suffolk on August 26, 1931, and described in the opinion. Also, a

LIBEL for divorce, filed in the same court on September 15, 1931.

The petition and libel were heard together by *Poland*, J. Material facts found by the judge are stated in the opinion. By his order decrees were entered dismissing the petition and granting, *nisi*, the divorce sought in the libel. Abraham Krasnow appealed from both decrees.

*A. S. Vigoda*, for Abraham Krasnow.

*M. B. Frankel*, for Eva Krasnow.

WAIT, J. On August 26, 1931, Abraham Krasnow filed in the Probate Court for Suffolk County his petition alleging his marriage to Eva Krasnow, that a child, then fourteen years of age, had been born to them, that Eva Krasnow had deserted him and he was living apart from her for justifiable cause, that he had need to be relieved of the disabilities of coverture so far as to be enabled to dispose of his estate without the wife's written consent in the same manner and with the same effect as if he were sole, and praying that a decree be entered establishing the fact of desertion and that such living apart was for justifiable cause. On September 1, Eva Krasnow accepted service and on September 14, an appearance on her behalf was filed. No answer was filed. On September 15, she filed her libel for divorce against her husband, alleging the marriage in 1914; residence together in Suffolk County; the birth of a child in 1917; that she "has always been faithful to her marriage vows and obligations," but on July 26 and July 31, 1931, and other dates the husband has treated her cruelly and abusively; referring to the husband's petition of August 26; and praying a divorce, the care and custody of the child, and an allowance for support of herself and minor child. This libel bore date of September 3, 1931. On November 27, the husband answered, admitting marriage and child, denying that "he has ever treated the libellant cruelly and abusively," alleging that while he has always been faithful to his marriage vows and obligations the wife has been unmindful of her reciprocal marriage

vows and obligations on numerous occasions, has been guilty of cruel and abusive treatment to him and on July 31, 1931, deserted him, and further answering that if it should appear he had been guilty of cruel and abusive treatment toward her or in any way unfaithful to his marriage vows and obligations which he denies, such acts and failures have been condoned by the wife.

The petitions were heard together. The acting judge of the court granted the wife's petition for divorce and custody, but refused alimony and confined any allowance to support for the child. He denied the husband's petition. He filed a finding of facts which, so far as here material, stated that on July 26, 1931, the husband struck the wife causing a blackened eye, and on July 31, took hold of her violently, called her vile names and threatened bodily harm to her; and "that it is not only probable, but nearly inevitable that further acts of violence would occur if the parties lived together again, with resulting injury to the libellant's health." There was evidence, which it was agreed could be considered in both cases, that about November of 1930 husband and wife became acquainted with a police officer whose beat included their store and residence; that this policeman frequently visited their store while on duty; that, when the husband was absent, the wife and the policeman were frequently together in the back part of the store separated from the front part by a partition with an opening but no door. The policeman called often at their house in the husband's absence — so often as to attract the attention of neighbors. These visits were made openly, in the daytime, by the front doors of house and store, and continued during the summer of 1931 until the separation on July 31. He also met the wife upon the street and in other public places. The husband became jealous and this was the principal cause of his trouble with his wife. Husband, wife and policeman "gave testimony that was, in some particulars, deliberately untruthful." "The libellant's intimacy with the police officer was unwise and reprehensible, and the libellee was justified in being displeased with her conduct. If he were free from marital fault, his wife's conduct would have been found to warrant

a decree of desertion and living apart on his petition." ". . . the evidence was not sufficient to prove adultery by the libellant, and the court ruled that her conduct was not a defence to her libel." ". . . the court rules, as already stated, that, in order to amount to a defence to her libel, the court must find that she committed adultery." The husband objected and excepted to these rulings. The cases are before us upon his appeals.

The exercise of physical violence by him resulting in injury to her and, as the judge found, a reasonable anticipation of further injury to her health if the parties continued to live together, is sufficient evidence of cruel and abusive treatment to support a decree for divorce on that ground. *Curtiss* v. *Curtiss,* 243 Mass. 51. *Gerrish* v. *Gerrish,* 249 Mass. 219. *Freeborn* v. *Freeborn,* 168 Mass. 50. *Freeman* v. *Freeman,* 238 Mass. 150. The law is well settled that a marital offence to be a bar to a libel for divorce must be sufficient of itself to constitute a ground of divorce. *Cushman* v. *Cushman,* 194 Mass. 38. *Morrison* v. *Morrison,* 142 Mass. 361, 362. A less stringent rule applies in cases of petition for separation. There conduct which of itself will not constitute a ground of divorce under our statutes may defeat such a petition. See *Burke* v. *Burke,* 270 Mass. 449; *Turner* v. *Turner,* 234 Mass. 37; *Lyster* v. *Lyster,* 111 Mass. 327. The court here found that the wife, however unwise or reprehensible in her conduct, had not been guilty of adultery, and there was no evidence of other acts constituting a ground for divorce. His ruling that her adultery must be found in order to bar her right to divorce for cruel and abusive treatment must be read with all his findings; and, so read, means that to bar her right to a decree for cruel and abusive treatment conduct on her part sufficient to constitute a statutory ground of divorce must be shown.

No condonation was made out. We think the judge was not bound to find the wife guilty of cruel and abusive treatment or other statutory ground for divorce. We cannot properly say he was clearly wrong in his findings of fact.

It follows that the order must be

*Decrees affirmed.*