LENA COSTA *vs.* ANTONIO COSTA.

Bristol. October 26, 1936. — October 28, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Marriage and Divorce,* Answer. *Probate Court,* Answer.

It was within the discretion of a judge of probate to refuse to permit an answer to a libel for divorce, setting up a defence of adultery by the libellant, to be filed after the time allowed by the rule and on the morning of the trial.

LIBEL FOR DIVORCE, filed in the Probate Court for the county of Bristol on September 4, 1935.

The libellee appealed from sundry decrees entered by order of *Hitch,* J.

The case was submitted on briefs.

*A. Andrade,* for the libellee.

*F. E. Knowles, V. J. Deponte, & R. E. Knowles,* for the libellant.

BY THE COURT. These are appeals by the libellee from numerous decrees entered in the Probate Court culminating in the granting of a divorce and in the refusal to set aside decrees leading to that result.

The material facts on this point appear to be these: No answer was filed by the libellee within the time allowed by the rule. The time for filing an answer had expired. On the morning of the trial the libellee tendered an answer setting up the affirmative defence of adultery on the part of the libellant. The judge refused to permit the answer to be filed late and refused to admit evidence to support

that defence. A decree *nisi* was entered. Thereafter the libellee filed a motion to set aside the decree and praying for a new trial. At the hearing on that motion the facts alleged were discussed and considered. A decree was entered denying the motion. No appeal was taken from that decree. On objections of the libellee to the decree *nisi* becoming absolute the trial judge found that there was no improper conduct shown on the part of the libellant with the corespondent.

If it be assumed, without deciding, that the point argued by the libellee is open on this record, no error is shown. While there is omitted in Divorce Rules 37, 38, 39 of the Probate Courts (1934) a provision in an earlier rule that "No affirmative defense shall be heard unless set up by the answer," it is manifest that an answer of the nature sought to be filed by the libellee in the case at bar must set out the facts relied upon as an affirmative defence and that the determination of the question, whether an answer should be permitted to be filed after the time limited for such filing, was within the discretion of the trial judge. The libellee fails to show any reversible error.

*Decrees affirmed.*