RUBY L. REDDINGTON *vs.* DAVID E. REDDINGTON.

Norfolk.    January 2, 1945. — March 1, 1945.

Present: FIELD, C.J., LUMMUS, QUA, WILKINS, & SPALDING, JJ.

*Marriage and Divorce,* Recrimination, Cruel and abusive treatment, Appeal.    *Probate Court,* Appeal, Inferences, Divorce proceedings.

Statement by LUMMUS, J., respecting recrimination in the law of divorce.

A libellant for divorce guilty of any of the statutory causes for divorce, not condoned, is barred from obtaining a divorce, whether for the same cause or any other statutory cause.

The divorce courts have no discretionary power to grant or deny a divorce.

A libellant for divorce is not to be denied a divorce because of recrimination unless his or her conduct, however deserving of censure, amounts to one of the statutory causes for divorce.

Upon appeal from a decree of a Probate Court in a divorce case, this court may draw proper inferences from subsidiary facts stated by the trial judge in a report of material facts without a report of the evidence.

A husband was guilty of cruel and abusive treatment of his wife within G. L. (Ter. Ed.) c. 208, § 1, where, in anger and without being justified by her conduct, he struck her and knocked her down while she was pregnant, shouted oaths and accusations at her, put his hands around her neck and threatened her, struck and kicked her on several occasions, and more than once threatened to kill her.

A wife, having proved her husband guilty of cruel and abusive treatment of her, was entitled to a divorce as matter of law although it appeared that she had fallen in love with another man, had been much in his company, had kissed and embraced him and had come to dislike her husband, but had not committed adultery with the other man.

LIBEL for divorce, filed in the Probate Court for the county of Norfolk on June 16, 1943.

The case was heard by *Reynolds*, J. Upon appeal, the judge made a report of material facts under G. L. (Ter. Ed.) c. 215, § 11. The evidence was not reported.

*R. E. MacDonald*, for the libellant.

*C. J. McGilvray*, for the libellee.

*J. J. Kelleher*, for Andrew Jackson, submitted a brief.

LUMMUS, J. This is a libel for divorce for alleged cruel and abusive treatment. The answer contained an allegation that the libellant "has spent a great deal of time in the company of a certain man . . . and has been on terms of intimacy with said man," whose name was subsequently inserted in the answer by amendment. See *Newman* v. *Newman*, 211 Mass. 508; *Sanderson* v. *Sanderson*, 271 Mass. 386; *Costa* v. *Costa*, 295 Mass. 556; G. L. (Ter. Ed.) c. 208, §§ 9, 10, 11, as amended by St. 1943, c. 196. The answer did not charge adultery.

The judge found in substance that the libellee struck the libellant while she was pregnant, knocking her into a fireplace; that he shouted oaths and accusations at her; that he angrily put his hands around her neck, and threatened her; that he struck and kicked her on a number of occasions; and that on more than one occasion he threatened to kill her as well as himself. But the judge, having found these basic facts, did not find whether or not they constituted cruel and abusive treatment.

On the other hand, the judge found that the libellee is "a jealous man who loves his wife," and that "the conduct of the libellant provoked and annoyed" him. He found that the wife, though not guilty of adultery with the man named, had fallen in love with him, had been much in his company, had kissed and embraced him, and had come to dislike her husband. He found that "the libellant has not always been faithful to her marriage contract," although that finding is qualified by the finding that "the evidence discloses no criminal act of adultery." He decided that "for reasons of public policy, she is not an innocent party entitled to a decree nisi," and entered a decree denying her

prayer for divorce. Then he based upon G. L. (Ter. Ed.) c. 208, § 20, a provision in the decree continuing the case on the docket and during the continuance giving the custody of the children to the libellant and ordering the libellee to make payments for the support of the libellant and the children. *DeFerrari* v. *DeFerrari*, 220 Mass. 38. *Harrington* v. *Harrington*, 254 Mass. 506. *Malcolm* v. *Malcolm*, 257 Mass. 225. The libellant and the alleged corespondent appealed.

Divorce from the bond of matrimony in the regular judicial courts was first provided for in this Commonwealth by St. 1785, c. 69, § 3, which named impotency and adultery as causes for such a divorce. After that statute, to say the least, nonjudicial divorces were unconstitutional. *Shannon* v. *Shannon*, 2 Gray, 285. *White* v. *White*, 105 Mass. 325. *Sparhawk* v. *Sparhawk*, 116 Mass. 315. *Wales* v. *Wales*, 119 Mass. 89. When that statute was enacted, there was in England no divorce from the bond of matrimony except by Special Act of Parliament, which in practice could be obtained only for adultery, and seldom for that cause except after a divorce from bed and board, and a verdict against the paramour, if a man, in an action for criminal conversation. The ecclesiastical courts had jurisdiction to grant a divorce from bed and board,[1] on the ground of adultery or cruelty. Shelford, Marriage and Divorce (1841) 373, et seq. Macqueen, Marriage, Divorce and Legitimacy (2d ed. 1860) 31, et seq. Such a divorce was denied to a libellant guilty of the same offence as that charged in the libel, on the principle of recrimination or compensatio criminis — a set-off of equal guilt. *Pratt* v. *Pratt*, 157 Mass. 503, 506. *Forster* v. *Forster*, 1 Hagg. Const. 144. *Beeby* v. *Beeby*, 1 Hagg. Eccl. 789. *Proctor* v. *Proctor*, 2 Hagg. Const. 292. *Astley* v. *Astley*, 1 Hagg. Eccl. 714. *Cocksedge* v. *Cocksedge*,

---

[1] In Massachusetts divorce from bed and board was abolished by St. 1870, c. 404, § 1, which in general converted the preëxisting causes for such a divorce into causes for divorce from the bond of matrimony. In England a divorce from bed and board has been called, since 1857, a judicial separation. *Chadburn* v. *Chadburn*, [1941] P. 66. The Massachusetts proceeding for a determination that one spouse is living apart from the other for justifiable cause (G. L. [Ter. Ed.] c. 209, §§ 32, 35, 36), which originated in St. 1874, c. 205, does not resemble a divorce from bed and board. *Slavinsky* v. *Slavinsky*, 287 Mass. 28.

1 Rob. (Eccl.) 90. *Sopwith* v. *Sopwith*, 2 Sw. & Tr. 160. *Anichini* v. *Anichini*, 2 Curt. Eccl. 210. *Constantinidi* v. *Constantinidi*, [1903] P. 246, 258. *Green* v. *Green*, 125 Md. 141. *Pharr* v. *Pharr*, 223 N. C. 115. *Studley* v. *Studley*, 129 Neb. 784.

After the statutes of this Commonwealth provided for judicial divorces, this court assumed, and the Legislature has long acquiesced in the assumption, that the doctrine of recrimination, though not mentioned in the statutes, had been adopted by implication. *Robbins* v. *Robbins*, 140 Mass. 528. *Morrison* v. *Morrison*, 142 Mass. 361, 363. *Pratt* v. *Pratt*, 157 Mass. 503, 506. In so far as recrimination depends upon equal guilt, the Legislature has not expressed any opinion as to the comparative gravity of the seven causes for divorce recognized in G. L. (Ter. Ed.) c. 208, §§ 1, 2, which have existed with little if any substantial change ever since St. 1870, c. 404. The law appears to treat all seven causes as of equal gravity. A libellant guilty of any one of them, not condoned (*Cumming* v. *Cumming*, 135 Mass. 386), is barred from obtaining a divorce for the same cause or any other. *Hall* v. *Hall*, 4 Allen, 39. *Clapp* v. *Clapp*, 97 Mass. 531. *Moors* v. *Moors*, 121 Mass. 232. *Handy* v. *Handy*, 124 Mass. 394. *Cumming* v. *Cumming*, 135 Mass. 386, 389. *Morrison* v. *Morrison*, 142 Mass. 361, 362. *Whippen* v. *Whippen*, 147 Mass. 294. *Peirce* v. *Peirce*, 160 Mass. 216. *Watts* v. *Watts*, 160 Mass. 464, 467. *Cushman* v. *Cushman*, 194 Mass. 38. The principle of recrimination has been said to be that "If both parties have a right to divorce, neither party has." *Hoffman* v. *Hoffman*, 43 Mo. 547, 549. *Hatfield* v. *Hatfield*, 113 W. Va. 135, 140. The fact that a marriage has proved so unsuccessful that both spouses have broken their vows by giving cause for divorce, has the effect of riveting the legal bond and making it indissoluble except by death.[1]

---

[1] In Scotland and a very few American jurisdictions the doctrine of recrimination is rejected, partly or wholly, and if both parties show cause for divorce both may obtain decrees. *Lockhart* v. *Henderson*, 1 Morison Dic. Dec., Appendix, Part I, 1. *Donald* v. *Donald*, 1 Macph. 741. *Brodie* v. *Brodie*, 7 Sc. L. R. 535. *Brown* v. *Brown*, 1940 S. L. T. 230. *Herod* v. *Herod*, [1939] P. 11, 31. *Vanderhuff* v. *Vanderhuff*, 144 Fed. (2d) 509. *Young* v. *Young*, 207 Ark. 36. *Flagg* v. *Flagg*, 192 Wash. 679. *Weidert* v. *Weidert*, 106 Wash.

No conduct of a libellant who proves a cause for divorce will bar a decree, under the doctrine of recrimination, unless it amounts to a statutory cause for divorce.[1] A judge has no discretion in granting or denying a divorce, but must take the statute as his only compass and chart. *Waterhouse* v. *Waterhouse,* 225 Mass. 228. *Mitchell* v. *Mitchell,* 312 Mass. 165, 168. A divorce is not to be denied merely because the conduct of the libellant appears to the court to deserve censure. In the absence of some defence recognized by law, a libellant who proves a statutory cause for divorce is entitled to a decree, unless shown to have been guilty of a statutory cause for divorce on his or her own part.[2] *Morrison* v. *Morrison,* 142 Mass. 361, 362. *Walker* v. *Walker,* 172 Mass. 82. *Cushman* v. *Cushman,* 194 Mass. 38. *Waterhouse* v. *Waterhouse,* 225 Mass. 228. *Krasnow* v. *Krasnow,* 280 Mass. 252. *Mooney* v. *Mooney, ante,* 433. Nothing to the contrary was intended in *Eldridge* v. *Eldridge,* 278 Mass. 309, 313, or *Holbrook* v. *Holbrook,* 313 Mass. 163, 164, in speaking of the opening of a decree for divorce. In the present case, the allegation quoted from the answer, though proved, constituted no defence to the libel.

The absence from our divorce practice of any discretionary

---

410. Compare *McMillan* v. *McMillan,* 113 Wash. 250. In England, since 1857, the court has not been bound to deny a divorce to a petitioner guilty of adultery. 20 & 21 Vict. c. 85, § 31. 15 & 16 Geo. V, c. 49, § 178. 1 Edw. VIII & 1 Geo. VI, c. 57, § 4. *Constantinidi* v. *Constantinidi,* [1903] P. 246. *Wilson* v. *Wilson,* [1920] P. 20. *Apted* v. *Apted,* [1930] P. 246. *Cullen* v. *Cullen,* [1933] P. 218. *Russell* v. *Russell,* [1935] P. 39.

[1] But misconduct not amounting to a cause for divorce may constitute justifiable cause for living apart, and thus negative desertion. This has nothing to do with recrimination. *Pidge* v. *Pidge,* 3 Met. 257, 261, 262. *Lea* v. *Lea,* 99 Mass. 493. *Lyster* v. *Lyster,* 111 Mass. 327. *Morrison* v. *Morrison,* 142 Mass. 361, 362, 363. *Watts* v. *Watts,* 160 Mass. 464, 467, 468. *Murray* v. *Murray,* 255 Mass. 19. *Krasnow* v. *Krasnow,* 280 Mass. 252, 255. *Cochrane* v. *Cochrane,* 303 Mass. 467, 470, 472. See also *French* v. *French,* 14 Gray, 186; *Mayo* v. *Mayo,* 119 Mass. 290, 291; *Commonwealth* v. *Ham,* 156 Mass. 485.

[2] Cases in other jurisdictions generally support this proposition. In some of them the facts resembled the facts of the present case. *McMillan* v. *McMillan,* 120 Fla. 209, 214. *Nishihara* v. *Nishihara,* 22 Haw. 189. *Appeltofft* v. *Appeltofft,* 147 Md. 603. *Bailey* v. *Bailey,* 67 N. H. 402. *Drayton* v. *Drayton,* 9 Dick. (N. J.) 298. *Cilente* v. *Cilente,* 104 N. J. Eq. 605. *Galoppa* v. *Galoppa,* 110 N. J. Eq. 481. *Griffin* v. *Griffin,* 23 How. Pr. 183. *House* v. *House,* 131 N. C. 140. *Aldrich* v. *Aldrich,* 21 Ont. 447. *Condit* v. *Condit,* 115 Ore. 481. *Souther* v. *Souther,* 103 Vt. 48. *Hiecke* v. *Hiecke,* 163 Wis. 171.

right to grant or deny divorce makes for uniformity of justice. In respect to divorce wide cleavages in opinion exist. Many deem divorce from the bond of matrimony for any cause an unmixed evil. Many others, though regretting the occasion for divorce, regard it as a beneficent remedy, and differ only as to its proper scope. The divorce law has to be administered by judges whose personal opinions vary as widely as do those of other people. The public policy of the Commonwealth as to divorce is to be found only in the statutes. The seven statutory causes for divorce do not include all the matrimonial faults that may and often do disrupt married life. Examples of others, not causes for divorce, are quarrelsomeness, unkindness or faultfinding falling short of cruel and abusive treatment; habits of intoxication not gross and confirmed (*Callan* v. *Callan*, 280 Mass. 37, 40); such association with persons of the opposite sex as arouses fear of loss of affection or suspicion of adultery or of desire for adultery; undue strictness or laxity in training children; jealousy; gambling; extravagance; parsimony; slovenliness in person or in housekeeping; laziness; want of ambition; lack of companionship; and cold indifference. Standards of conduct in respect to some of these matters vary with the period, the place, and the training, environment and characteristics of persons. If every judge, in granting or refusing a divorce, were entitled to exercise discretion according to his own ideas of propriety or of public policy, the judicial branch of government, with respect to divorce, would become a government of men and not of laws.

Since appellate practice in divorce cases originating in the Probate Courts follows the practice in equity (*Levanosky* v. *Levanosky*, 311 Mass. 638; compare *Watts* v. *Watts*, 312 Mass. 442), all questions of fact are open on these appeals. The judge did not decide whether on the basic facts found by him the libellee was guilty of cruel and abusive treatment, but we may draw the inference ourselves. *Ryder* v. *Donovan*, 282 Mass. 551, 554. *Morin* v. *Clark*, 296 Mass. 479, 485, 486. *Shulkin* v. *Shulkin*, 301 Mass. 184, 189. *LaChance* v. *First National Bank & Trust*

*Co.* 301 Mass. 488, 490. Upon the basic facts found, we find that the libellee was guilty of cruel and abusive treatment. *Meader* v. *Meader,* 252 Mass. 132. *Katz* v. *Katz,* 274 Mass. 77. *Callan.* v. *Callan,* 280 Mass. 37. *Rudnick* v. *Rudnick,* 288 Mass. 256. *Mooney* v. *Mooney, ante,* 433. His violent acts were done in anger, not in sport. *Smith* v. *Smith,* 167 Mass. 87, 91. They were not justified by the conduct of the libellant.

The findings of the judge do not show the libellant guilty of adultery or of any other cause for divorce. Whatever view might be taken of her conduct in a forum of morals or of manners, she is legally entitled to a decree nisi for divorce. *Waterhouse* v. *Waterhouse,* 225 Mass. 228. *Krasnow* v. *Krasnow,* 280 Mass. 252. *Mooney* v. *Mooney, ante,* 433.

*Decree reversed.*
*Decree for libellant.*