PATRICIA B. DAVISSON *vs.* HENRY S. DAVISSON
(and a companion case).

Norfolk.   March 30, 1981. — September 11, 1981.

Present: ARMSTRONG, PERRETTA, & KASS, JJ.

*Divorce and Separation,* Dismissal of cross complaint, Custody of child,
Alimony.

Although it appeared that the findings made by the judge in a divorce
action were insufficient to entitle the wife to a divorce for cruel and
abusive treatment, this court did not disturb the judgment granting
the wife a divorce where the husband had conceded in open court that
the wife had grounds for divorce and where it was clear from the find-
ings, based on the husband's admission, that he had committed
adultery and the wife's complaint could be amended to conform to the
findings without injustice to the husband. [421-422]

The grant of a divorce to one party in a divorce case does not permit the
judge to dismiss the cross-complaint of the second party where the sec-
ond party has proved grounds for a divorce. [422-424]

Failure by the judge in a divorce case to award the husband a divorce on
the ground of the wife's adultery after he had awarded the wife a
divorce for cruel and abusive treatment did not require reopening of
the disposition on custody and support where the wife's conduct had
been made the subject of an express finding and had been considered in
determining custody and support. [424]

COMPLAINTS for divorce filed in the Norfolk Division of
the Probate and Family Court Department on July 18,
1978, and December 3, 1979, respectively.

The cases were heard by *Ford, J.*

*Michael Reilly* for Henry S. Davisson.

*David H. Lee* for Patricia B. Davisson.

ARMSTRONG, J.   On July 18, 1978, the wife filed a com-
plaint for divorce on the ground of cruel and abusive treat-
ment; subsequently the husband filed a complaint for
divorce on the ground of adultery.   The actions were tried

together. The judge made detailed findings of fact organized according to the factors listed in G. L. c. 208, § 34, in which, under the heading "conduct of the parties," he found that both parties had engaged in extramarital sexual intercourse following their separation in June, 1978. A judgment was entered on the wife's complaint awarding her a divorce for cruel and abusive treatment, giving her custody of the two minor children, alimony and child support, and making equitable division of assets. A judgment was entered on the husband's complaint stating that "said [c]omplaint be and hereby is dismissed; a [d]ivorce [n]isi having this day been granted to the defendant." The husband appealed from both judgments and contends on appeal (1) that he was entitled to a divorce based on the finding of the wife's adultery; (2) that the findings of fact did not entitle the wife to a divorce on the ground of cruel and abusive treatment; and (3) that the husband was entitled to have custody, alimony and equitable division redetermined due to the judge's failure to take into consideration the premise contended for by the husband that he was entitled to a divorce and the wife was not.

As the dismissal of the husband's complaint was predicated on the judgment granting a divorce to the wife, we take up the second question first.

There is reason to doubt that the detailed subsidiary findings made by the judge would by themselves have supported a conclusion that the husband was guilty of cruel and abusive treatment. Missing in the findings is any indication that the husband's behavior was intended to, or did in fact, cause an impairment of the wife's health, either physically or mentally. See *Rudnick* v. *Rudnick*, 288 Mass. 256, 257 (1934); *Brown* v. *Brown*, 323 Mass. 332, 334 (1948); *Reed* v. *Reed*, 340 Mass. 321, 322-323 (1960); *Ober* v. *Ober*, 1 Mass. App. Ct. 32, 33-34 (1973). The judge's findings leave it unclear that the husband's unusual approaches to sexual intercourse were made possible by the wife's "involuntary sub-

mission," as those words were used in *Rudnick* v. *Rudnick*, *supra*.[1]

But the portions of the transcript which are before us support the wife's assertion that custody (and, to a lesser extent, alimony and equitable division) was the only issue litigated at the trial and that the husband conceded in open court that the wife had grounds for divorce. A colloquy cited by the husband would raise a slight doubt in this respect if viewed in isolation, but the concession was clear and free from doubt. No purpose would be served by allowing the husband's alternative prayer that we should discharge any such stipulation as improvident, because it is clear from the judge's findings, based in this regard on the husband's admissions in court, that he engaged in adulterous relationships after the parties had separated, and the wife's complaint could be amended to conform to the findings without injustice to the husband.[2] In all the circumstances we see no reason to disturb the judgment on the wife's complaint insofar as it granted her a divorce.

The more difficult question is whether the husband was entitled to a divorce on the ground alleged in his complaint, admitted by the wife at trial, and found by the judge, that the wife had engaged (and was continuing to engage) in an adulterous relationship with an unmarried man, or whether alternatively, the judge could properly, in his discretion, having granted a divorce to the wife, dismiss the husband's complaint despite the fact that grounds for divorce had been proven. The question could not have arisen before 1973, when the Legislature abolished the defense of recrimination. St. 1973, c. 740. (Under the doctrine of recrimination,

---

[1] Reference is made in particular to the judge's having adopted the words of the wife's proposed finding concerning sexual relations only after omitting therefrom the words, "from her perspective was forced to engage in sexual relations against her will."

[2] Noncompliance with Probate Court Rules 404 and 405 (special pleading and notice requirements where adultery is alleged as a ground for divorce) does not seem material where the defendant spouse concedes that he has engaged in adulterous conduct.

if both parties had a right to divorce, neither party had. *Reddington* v. *Reddington*, 317 Mass. 760, 763 [1945], and cases cited. See generally *Zildjian* v. *Zildjian*, 8 Mass. App. Ct. 1, 8-12 [1979]). The present case, unlike *Singer* v. *Singer*, 8 Mass. App. Ct. 113 (1979), does not involve such factors as undue delay by one spouse in bringing his divorce action or the desirability of avoiding multiple trials concerned with the problems of the same marriage.

In an article published shortly after the passage of the 1973 legislation, Inker, McGrath and Katz, Abolition of Recrimination as a Defense in Divorce Cases, 18 B.B.J. No. 5, at 7 (1974), the authors suggested that, where both parties show grounds for divorce, various alternative rationales might be employed in administering a rule that a divorce could be adjudged for only one of the parties: which party was first to file for divorce; which party's misconduct was the greater; or which party's misconduct occurred first in time. Each of those criteria seems inappropriate. The first rewards the winner of the race to the courthouse, contrary to the policy that mandates delays (see G. L. c. 208, §§ 1A, 1B, 21) as a means of encouraging reconciliation. Clark, Domestic Relations § 13.8, at 402 (1968). The second would require the courts to make fine moral judgments on the relative fault of the spouses, judgments of a type that our courts have consistently avoided for the reasons set out in such cases as *Reddington* v. *Reddington, supra* at 764-765, and *Fort* v. *Fort, ante* 411, 414-415 (1981). The third focuses inquiry on whose fault came first, which may be very difficult to ascertain and may bear very little relation to degree of fault in any meaningful sense.

We agree with the conclusion of the authors of the article that the rule most consonant with the trend of our case law is that a divorce should be granted in this situation to both parties. It has long been held, under our earlier law, that a judge has no discretion to deny a divorce to a complainant who has proven grounds therefor. *Cushman* v. *Cushman*, 194 Mass. 38 (1907). *Waterhouse* v. *Waterhouse*, 225 Mass. 228, 230 (1916). *Reddington* v. *Reddington, supra* at 764.

*Collis* v. *Collis,* 355 Mass. 25, 27 (1968). The grant of a divorce nisi to one of the parties does not necessarily make the other party's complaint academic. The parties continue to be married during the nisi period, *Diggs* v. *Diggs,* 291 Mass. 399, 401 (1935), and the case law under G. L. c. 208, § 21, has held that a complainant who is awarded a judgment of divorce nisi ordinarily has a right of dismissal prior to the expiration of the nisi period, subject to terms. *Sheffer* v. *Sheffer,* 316 Mass. 575, 577-580 (1944). *Hinds* v. *Hinds,* 4 Mass. App. Ct. 63, 65-66 (1976). *Fabrizio* v. *Fabrizio,* 4 Mass. App. Ct. 67, 69-70 (1976). Compare Mass.R.Dom.Rel.P. 41(a)(2). No sound reason exists for denying a divorce to a party who has timely claimed and shown his entitlement thereto, and we think that the soundest rule is to follow that practice. It follows that it was error to dismiss the husband's complaint.

The question remains whether the disposition of the judge on the issues of custody, alimony and equitable division should be reopened. We are convinced, on a review of the entire record, that no purpose would be served by that course. Although the judge did not award the husband a divorce on the ground of the wife's adultery, the implied reason was merely that such an award would be superfluous. The wife's conduct was made the subject of an express finding and was taken into consideration by the judge in determining custody and support. It is not easily conceivable that custody would be awarded to the husband in any event, given certain findings which cannot be said to be clearly erroneous; and the alimony and support orders are well within range of the unremarkable. Ordinarily matters such as custody, support and alimony are not affected by such general considerations as the relative moral rectitude of the spouses or which spouse is awarded the divorce. See *Clifford* v. *Clifford,* 354 Mass. 545, 548 (1968), and cases cited; *Putnam* v. *Putnam,* 5 Mass. App. Ct. 10, 16-17 (1977); *Singer* v. *Singer,* 8 Mass. App. Ct. at 118-119; *Bouchard* v. *Bouchard, post* 899 (1981); *Fort* v. *Fort, supra* at 414-415.

The judgment entered on the wife's complaint is affirmed. The judgment of dismissal entered on the husband's complaint is reversed, and the case is remanded for the entry of a judgment granting the husband a divorce on the ground of adultery.

*So ordered.*